UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

In re: CHRYSLER, LLC, et. al.,                                    Civil Action No. 10 CV 2493

**Debtor**,

    -against

                                                      JUDGE ALVIN K.
                                                      HELLERSTEIN

-------------------------------------------------------------------X

### DECLARATION IN OPPOSITION TO MOTION FOR LEAVE TO WITHDRAW AS COUNSEL TO ISLAND JEEP INCORPORATED (#26272)

JOHN G. GENTILE, an attorney admitted to practice in the courts of the State of New York and the United States District Court for the Southern District of New York, declares pursuant to 28 U.S.C. § 1746:

1. I am a partner in the law firm of Bellavia Gentile and Associates, LLP (the "Bellavia Firm"), attorneys for Island Jeep Incorporated ("Island Jeep") in connection with its dealership reinstatement arbitration (the "Arbitration") filed against Chrysler Group, LLC ("New Chrysler") before the American Arbitration Association, pursuant to §747 of the Consolidated Appropriations Act of 2010 (the "Act"), and as such, I am familiar with the facts and circumstances of this matter.

2. I submit this declaration in opposition to the motion filed by the law firm of Pidgeon & Donofrio pursuant to which that firm seeks to withdraw as counsel for Island Jeep in connection with the above-referenced matter (the "Appeal").

3. Our client has just recently provided us with a copy of the withdrawal motion filed by Pidgeon & Donofrio. It is respectfully submitted that the motives of counsel in filing

this motion are suspect at best and the assertions made in Mr. Pidgeon's Affirmation in Support thereof are simply inaccurate.

4.  Pursuant to the Act, Congress granted rejected Chrysler dealers with an opportunity to obtain through arbitration the reinstatement of their Chrysler, Jeep and Dodge dealerships that were terminated as a result of the bankruptcy filing by Old Carco. If successful, the arbitrating claimant dealership, pursuant to the Act, would receive from New Chrysler a Letter of Intent to enter into a sales and service agreement - thereby reinstating the arbitrating claimant dealership to New Chrysler's dealership network. Island Jeep has recently settled its arbitration with New Chrysler and the parties have executed a settlement agreement memorializing the resolution of the Arbitration (the "Settlement Agreement"). Pursuant to the express terms of the Settlement Agreement, the terms and conditions of settlement are to remain confidential.

5.  Approximately two weeks ago, James Anderer, President of Island Jeep, contacted Mr. Pidgeon and informed him of the possible settlement of the Arbitration.    In response thereto, our client advised us that Mr. Pidgeon initially advised Island Jeep that it should not settle the Arbitration as it would adversely impact Island Jeep's claim with respect to the pending Appeal before Your Honor.

6.  Thereafter, Mr. Pidgeon contacted the undersigned and denied that he had ever instructed Mr. Anderer whether he could or should not settle the Arbitration.    Rather, Mr. Pidgeon was now insisting that, pursuant to his firm's retainer agreement with

Island Jeep, his firm was entitled to a portion of the proceeds resulting from Island Jeep's settlement of the Arbitration.

7. After reviewing Mr. Pidgeon's retainer with Island Jeep, it was abundantly clear that his firm has absolutely no claim to any portion of the settlement proceeds to be obtained by Island Jeep in connection with the Arbitration. Upon informing Mr. Pidgeon of this fact, he insisted that he be apprised of the specific terms of the settlement obtained by Island Jeep with respect to the Arbitration.  Mr. Pidgeon was repeatedly advised, however, that the terms and conditions of the Settlement Agreement were expressly to remain confidential and, as such, neither my firm nor Island Jeep could disclose same to him.

8. Notwithstanding the foregoing, I assured Mr. Pidgeon that Island Jeep wished to continue as an appellant in the above-referenced matter and wished to have Mr. Pidgeon's firm remain as its counsel in this matter.

9. Apparently this representation was not good enough for Mr. Pidgeon as he repeatedly insisted upon reviewing the Settlement Agreement and learning of its express terms and conditions.

10. Furthermore, Mr. Pidgeon demanded to know if, as part of the Settlement Agreement, Island Jeep was providing Old Carco with a General Release.  In response to this request, I stated to Mr. Pidgeon that, while I could not provide him with the express terms of settlement, I could represent to him as an officer of the court that I had in fact received written representation from New Chrysler's counsel that the Settlement Agreement did not, nor was it intended to include, a release of Old Carco.

11. On Monday of last week, I received another phone call from Mr. Pidgeon during which he requested that I provide him written confirmation that I had instructed Island Jeep not to communicate with his firm concerning the Arbitration settlement. I advised Mr. Pidgeon that I would not put any such statement in writing, assured him that he had every right to speak with his client concerning the pending litigation and that Island Jeep was happy with his firm's representation. In addition, I restated the fact that the Settlement Agreement in the Arbitration was to remain confidential and, as such, Island Jeep could not disclose its terms.

12. It is respectfully submitted that, with the exception of the express terms of the Settlement Agreement, neither this firm on behalf of Island Jeep nor Island Jeep directly had ever stated to Mr. Pidgeon or anyone at his firm that Island Jeep could not and would not communicate with him concerning the pending litigation or the Arbitration.

13. In light of the foregoing, the affidavit submitted by Stephen Pidgeon in support of the proposed motion is, at best, inaccurate and there is no basis upon which his firm's motion to withdraw as counsel should be granted by this Court.

14. The actions of Mr. Pidgeon over the past two weeks are regrettable and the pending motion is utterly unwarranted. Notwithstanding the foregoing, I have been instructed by Island Jeep that they wish to proceed with the pending litigation and with the law firm of Pidgeon & Donofrio as their counsel.

15. Finally, the withdrawal of Pidgeon & Donofrio as counsel to Island Jeep would be highly prejudicial to Island Jeep at this late juncture. It is doubtful that Island Jeep

could, at this late juncture, retain counsel to prosecute the within Appeal and/or the litigation underlying the within Appeal.

16. WHEREFORE, it is respectfully requested that the withdrawal motion filed by Pidgeon & Donofrio be denied in its entirety.

17. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:   Mineola, New York
         June 29, 2010

JOHN G. GENTILE