UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re: CHRYSLER, LLC, et. al.,                               Civil Action No. 10 CV 2493

**Debtor,**
  -against-
                JUDGE ALVIN K.
                HELLERSTEIN

------------------------------------------------------------X

AFFIDAVIT IN OPPOSITION TO MOTION FOR LEAVE TO WITHDRAW
AS COUNSEL TO ISLAND JEEP INCORPORATED (#26272)

STATE OF NEW YORK  )
          ss.:
COUNTY OF NASSAU  )

  JAMES ANDERER being duly sworn deposes and says:

1. I am the President of Island Jeep Incorporated ("Island Jeep"), an appellant with respect to the above-referenced appeal and, as such, I am fully familiar with the facts and circumstances of this matter.

2. I submit this affidavit in opposition to the motion filed by the law firm of Pidgeon & Donofrio pursuant to which that firm seeks to withdraw as counsel for Island Jeep in connection with the above-referenced matter (the "Appeal").

3. Island Jeep filed a dealership reinstatement arbitration (the "Arbitration") against Chrysler Group, LLC ("New Chrysler") before the American Arbitration Association, pursuant to §747 of the Consolidated Appropriations Act of 2010 (the "Act").

4. Pursuant to the Act, Congress granted rejected Chrysler dealers with an opportunity to obtain through arbitration the reinstatement of their Chrysler, Jeep and Dodge

dealerships that were terminated as a result of the bankruptcy filing by Old Carco. If successful, the arbitrating claimant dealership, pursuant to the Act, would receive from New Chrysler a Letter of Intent to enter into a sales and service agreement - thereby reinstating the arbitrating claimant dealership to New Chrysler's dealership network.

5. Island Jeep has recently settled its arbitration with New Chrysler and the parties have executed a settlement agreement memorializing the resolution of the Arbitration (the "Settlement Agreement"). Pursuant to the express terms of the Settlement Agreement, the terms and conditions of settlement are to remain confidential.

6. Approximately two weeks ago, I contacted Stephen Pidgeon, Esq., of Pidgeon & Donofrio (Island Jeep's counsel in this Appeal) and informed him of the possible settlement of the Arbitration. In response thereto, Mr. Pidgeon initially advised me that Island Jeep should not settle the Arbitration as it would adversely impact its claim with respect to the pending Appeal before Your Honor.

7. Thereafter, Mr. Pidgeon contacted John Gentile, Esq. of the law firm of Bellavia Gentile & Associates, LLP (my counsel in connection with the Arbitration). In response to inquiries by Mr. Gentile, Mr. Pidgeon denied that he had ever instructed me to either settle or not settle the Arbitration. Rather, Mr. Pidgeon was then insisting to Mr. Gentile that, pursuant to his firm's retainer agreement with Island Jeep, his firm was entitled to a portion of the proceeds resulting from Island Jeep's settlement of the Arbitration.

8. After reviewing (with Mr. Gentile) Island Jeep's retainer with Mr. Pidgeon's firm, it was clear that his firm has absolutely no claim to any portion of the settlement proceeds to be obtained by Island Jeep in connection with the Arbitration. Mr. Gentile has advised me that, upon his informing Mr. Pidgeon of this fact, Mr. Pidgeon insisted that he be apprised of the specific terms of the settlement obtained by Island Jeep with respect to the Arbitration. Mr. Pidgeon was repeatedly advised, however, by Mr. Gentile, that the terms and conditions of the Settlement Agreement were expressly to remain confidential and, as such, neither the Bellavia law firm nor Island Jeep could disclose same to him.

9. Significantly, Mr. Pidgeon has been repeatedly assured that Island Jeep wished to continue as an appellant in the above-referenced matter and wished to have Mr. Pidgeon's firm remain as its counsel in this matter.

10. Mr. Pidgeon's affidavit provides that he has been instructed "to cease communication with Island Jeep directly as to certain matters." This is not factually true. Mr. Pidgeon has been assured that he has every right to speak with me (Island Jeep) concerning the pending litigation and that Island Jeep was happy with his firm's representation.

11. With the exception of the express terms of the Settlement Agreement, neither the Bellavia law firm nor Island Jeep has ever stated to Mr. Pidgeon or anyone at his firm that Island Jeep could not and would not communicate with him concerning the pending litigation or the Arbitration.

12. Simply stated, the affidavit submitted by Stephen Pidgeon in support of the proposed motion is not accurate and there is no basis upon which his firm's motion to withdraw as counsel should be granted by this Court.

13. So there is no misunderstanding, as has been told to Mr. Pidgeon, Island Jeep wishes to proceed with the pending litigation and with the law firm of Pidgeon & Donofrio as its counsel.

14. Finally, the withdrawal of Pidgeon & Donofrio as counsel to Island Jeep would be highly prejudicial to Island Jeep at this late juncture. It is doubtful that Island Jeep could, at this late juncture, retain counsel to prosecute the within Appeal and/or the litigation underlying the within Appeal.

15. WHEREFORE, it is respectfully requested that the withdrawal motion filed by Pidgeon & Donofrio be denied in its entirety.

_____
JAMES ANDERER

Sworn to before me this
29th day of June 2010

_____
Notary Public

Debora Lippertshauser
Notary Public, State of N.Y.
No. 01LI6049095 Nassau
Commission Expires 10/10/10

4