UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
                                                         :
                                                         :
In re:                                                   :   **ORDER AFFIRMING THE ORDER OF**
                                                         :   **THE BANKRUPTCY COURT,**
OLD CARCO LLC                                            :   **DISMISSING APPELLEE'S MOTION**
(f/k/a CHRYSLER LLC, *et al.*)                           :   **FOR CERTAIN RELIEF, AND DENYING**
                                                         :   **WITHOUT PREJUDICE COUNSEL'S**
                             Debtors.                    :   **MOTION TO WITHDRAW**
                                                         :
                                                         :   10 Civ. 2493 (AKH)
                                                         :
                                                         :   09-50002 (AJG)
                                                         :
                                                         :
-------------------------------------------------------- x
ALVIN K. HELLERSTEIN, U.S.D.J.:

        Appellants are retail car dealers that have had their dealership agreements rejected by the Debtors in a bankruptcy proceeding before Chief Judge Arthur J. Gonzalez. In an order dated June 9, 2009, and in a subsequent opinion in support of that order, the Bankruptcy Court approved the rejection of the dealership agreements. Appellants did not appeal the order or the opinion. However, approximately six months after the time to appeal expired, Appellants filed a motion for reconsideration, arguing in part that Chief Judge Gonzalez committed an intentional fraud on the court by mischaracterizing the testimony of a key witness. Chief Judge Gonzalez denied the motion on the merits and as untimely. The dealers now appeal the decision denying the motion for reconsideration. For the reasons stated below, the decision of the Bankruptcy Court denying the motion for consideration is affirmed.

## I.    BACKGROUND

        Prior to filing for Chapter 11 bankruptcy protection, the Debtors operated a network of approximately 3,200 independent retail dealers under various agreements. In the

1

bankruptcy proceedings, the Debtors transferred most of those agreements to the post-bankruptcy entity, "New Chrysler." New Chrysler rejected the agreements with 789 of the retail dealers.

On May 3, 2009, the Debtors moved to approve a buyout by Fiat, Sp.A. (the "Fiat Transaction"). Hundreds of dealers filed objections to the Fiat Transaction and to a motion to reject the 789 dealer agreements. On May 27, 28, and 29, the Bankruptcy Court held hearings to consider the Fiat Transaction and, on May 31, 2009, approved the buyout. On June 4 and June 9, 2009, the Bankruptcy Court held hearings on the objections to the termination of the dealership agreements. On June 9, 2009, the court issued an order authorizing New Chrysler to reject the dealership agreements (the "Rejection Order"), and on June 19, 2009, issued a written opinion in support of the Rejection Order ("Rejection Opinion"). In re Old Carco LLC, 406 B.R. 180 (Bankr. S.D.N.Y. 2009).

The Rejected Dealers had ten days to appeal that order or to request additional time to file an appeal. See Fed. R. Bankr. P. 8002(a), (c)(2). Neither an appeal nor a motion requesting additional time was filed. In December 2009, approximately six months after the Rejection Order and the Rejection Opinion were issued, the rejected dealers filed a motion for reconsideration. The motion principally attacks the Bankruptcy Court's paraphrasing of a witness's testimony in a footnote in the Rejection Opinion. On February 2, 2010, Chief Judge Gonzalez denied the motion. In re Old Carco LLC, 423 B.R. 40 (Bankr. S.D.N.Y. 2010).

## II.   DISCUSSION

Denials of motions for reconsideration are reviewed for abuse of discretion. Grace v. Bank Leumi Trust Co., 443 F.3d 180, 187 (2d Cir. 2006). "'An abuse of discretion exists where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact.'" In re Kurtzman, 220 B.R. 538,

540 (S.D.N.Y. 1998) (quoting ACLU v. Black Horse Pike Reg'l Bd. of Educ., 84 F.3d 1471, 1476 (3d Cir. 1996)).

Appellants argue that reconsideration is appropriate under Rule 60(b)(1). Rule 60(b) "allows extraordinary judicial relief" and "may not be used as a substitute for a timely appeal." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b)(1), which is incorporated into the Federal Rules of Bankruptcy Procedure, provides that "on motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Rule 60(c) provides that a motion under Rule 60(b)(1) "must be made within a reasonable time—and . . . no more than a year after the entry of the judgment or order or the date of the date of the proceeding."

In denying this part of the motion for reconsideration as untimely, Chief Judge Gonzalez held:

> The Movants' arguments for reconsideration stem from the Rejection Order or the Court's statements in the supporting Opinion. All of the information contained in those documents was available to the parties immediately upon the issuance of those documents. . . . The Movants did not act until more than six months after the issuance of the Rejection Order and supporting Opinion. The Movants each had an opportunity to file a timely appeal. Having missed the deadline, they cannot use Rule 60(b)(1) as a way to circumvent that time restriction.

In re Old Carco LLC, 423 B.R. at 55.

Appellants also argued that reconsideration was appropriate under Rule 60(d) on the grounds that Chief Judge Gonzalez perpetrated an intentional fraud on the court by manipulating a witness's testimony in the Rejection Opinion. Rules 60(d)(1) and (3) allow a court, respectively, to "entertain an independent action to relieve a party from a judgment, order, or proceeding" and "set aside a judgment for fraud on the court." Rule 60(d) relief is equitable

3

in nature.  Campaniello Imports, Ltd. v. Saporiti Italia Sp.A., 117 F.3d 655, 661 (2d Cir. 1997) (citing Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 71 (2d Cir. 1990)).  To establish a claim under Rule 60(d), the Appellants must "demonstrate that [they] had no adequate remedy at law or that [their] 'fault, neglect, or carelessness did not create the situation for which [it] seek[s] equitable relief.'"  LinkCo, Inc. v. Naoyuki Akikusa, 615 F. Supp. 2d 130, 135 (S.D.N.Y. 2009) (quoting Campaniello Imports, Ltd., 117 F.3d at 662).

> In rejecting this part of Appellants' motion, Chief Judge Gonzalez held:
>
> If the Movants disagreed with the Court's characterization of the facts, the evidence, or the law, they had a ready avenue for redress in the ability to file an appeal to the Court's ruling.  Any issues that may have been 'addressed through the unimpeded adversary process' are not appropriately attacked on the basis of fraud upon the court.  Thus, any allegation concerning a mischaracterization of fact, evidence or law, either by the opposing counsel of by the Court does not rise to the level of fraud on the court.

In re Old Carco LLC, 423 B.R. at 57.

Appellants also argue that Bankruptcy Court abused its discretion by failing to invoke its inherent powers to reconsider the Rejection Opinion.  In In re Texlon, the Second Circuit explained that "a district court sitting in bankruptcy could in its discretion rehear a cause even after the expiration of the period allowed for appeal 'if no intervening rights will be prejudiced by its action.'"  596 F.2d 1092 (2d Cir. 1979) (quoting Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137-38 (1937)).  A motion to reconsider based on the court's inherent powers must be "seasonable" or "diligently made."  Wayne United Gas Co., 300 U.S. at 137.

In rejecting this argument as a basis for reconsideration, Chief Judge Gonzalez held:

4

> [T]he case law and the portion of the Court's Opinion with which the Movants take issue was available throughout the period during which the Movants could have asserted their appellate rights. Moreover, as noted, the Movants could have appealed the Rejection Order if they believed it was inconsistent with the record. Having missed the deadlines both for filing an appeal and for filing a Fed. R. Bankr. P. 9023 motion for reargument, the Movants cannot ask the Court to utilize its inherent power to allow them to circumvent those deadlines.
> . . .
> Further, intervening rights will be prejudiced if the judgment is amended to grant the Movants the relief they seek.

In re Old Carco LLC, 423 B.R. at 55-57.

Appellants have failed to identify "a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact.'" In re Kurtzman, 220 B.R. at 540 (quoting Black Horse Pike Reg'l Bd. of Educ., 84 F.3d at 1476). Appellants have failed to explain why this motion was not made earlier, when it would have been timely, or why the arguments advanced here could not have been raised in a timely appeal. Appellants may not use the "extraordinary judicial relief" of a motion to reconsider to excuse their failure to timely appeal the Rejection Order and Opinion. Nemaizer, 793 F.2d at 61; Batac Dev. Corp. v. B & R Consultants, Inc., No. 98 Civ. 721 (CSH), 2000 U.S. Dist. LEXIS 3695, at *8-9 (S.D.N.Y. Mar. 22, 2000) (citing Competex, S.A. v. Labow, 783 F.2d 333, 335 (2d Cir. 1986); Fleming v. N.Y. Univ., 865 F.2d 478, 484 (2d Cir. 1989)).

In addition to being untimely, Appellants' fraud on the court argument lacks merit. Appellants argue that, in footnote 21 of the opinion in support of the order permitting the rejection of certain dealer agreements, Chief Judge Gonzalez intentionally mischaracterized the testimony of a Fiat executive, Alfred Altavilla, in order to rule against the rejected dealers. Altavilla testified, in relevant part:

5

> **[COUNSEL]:** If this transaction closes without an absolute requirement of a particular number of dealers that are being terminated, would Chrysler still go through with this deal – I mean, rather, would Fiat still go through with this deal?
>
> **[ALTAVILLA]:** The answer is that a restructure needs to occur. Whether it occurs before or after the closing of the deal is not a material difference. . . . .

In his June 19, 2009 opinion, Chief Judge Gonzalez paraphrased that portion of Altavilla's testimony in footnote 21 in support of a statement that "[i]t is immaterial whether Fiat required the Debtors to reject the number of agreements it rejected." Footnote 21 provides:

> Altavilla testified that although Fiat did not indicate the size of the restructuring of the dealership network, the number of dealers involved in the restructuring came out of the application of the Debtors' selection methodology. Altavilla also responded affirmatively to a question regarding whether a dealership network needed to be restructured for the Fiat Transaction to close, stating that a "restructuring needs to occur."

In re Old Carco LLC, 406 B.R. 180, 197 (Bankr. S.D.N.Y. 2009). Footnote 21 fairly and accurately captured the relevant portion of Altavilla's testimony. Since the footnote did not contain a false statement, there could be no fraud on the court. See Workman v. Bell, 245 F.3d 849 (6th Cir. 2001). Appellants failed to establish that the Bankruptcy Court abused its discretion in denying the motion for reconsideration. Grace, 442 F.3d at 187.

### III. CONCLUSION

For the reasons stated above, the order of the Bankruptcy Court, dated February 5, 2010, denying the motion for reconsideration is affirmed.

The motion brought by counsel for Appellants, Pidgeon & Donofrio GP, to terminate its representation of two dealers, raised for the first time in this appeal, is denied without prejudice. The motion should be filed in the Bankruptcy Court.

The Debtors also moved "for relief with respect to Appellants' reply brief" because the reply in support of this appeal failed to comply with Local Civil Rule 7.1(b), which limits bankruptcy appeal reply briefs to ten pages. Since Appellants' motion is denied, Appellee's motion is dismissed as moot.

The Clerk shall mark the motions (Doc. Nos. 19, 25) terminated and the appeal closed.

SO ORDERED.

Dated:   August 30, 2010
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge