**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re                                          )
                                               )
Old Carco LLC                                  )          Appeal from Bankr. Case
(f/k/a Chrysler LLC), *et al.*,                )          No. 09-50002 (AJG)
                                               )          (Jointly Administered)
                              Debtors.         )
                                               )
---------------------------------------------------------x
Island Jeep, Inc., *et al.*,                   )
                                               )
                              Appellants,      )          Case No. 1:10-cv-02493 (AKH)
        v.                                     )          (ECF Case)
                                               )
Old Carco Liquidation Trust,                   )
                                               )
                              Appellee.        )
---------------------------------------------------------x

### APPLICATION OF APPELLEE OLD CARCO LIQUIDATION TRUST TO ESTABLISH THE AMOUNT OF DAMAGES AWARDED PURSUANT TO SECOND CIRCUIT ORDER

By and through its undersigned counsel, Appellee Old Carco Liquidation Trust

(the "Liquidation Trust") submits this Application to establish the amount of damages awarded

to the Liquidation Trust by the United States Court of Appeal for the Second Circuit

(the "Second Circuit").  In support of this Application, the Liquidation Trust (a) submits the

Declaration of Jeffrey B. Elllman, a partner in Jones Day (the "Ellman Declaration"), which is

attached hereto as Exhibit A and incorporated herein by reference; and (b) respectfully states as

follows:

### Background — The Second Circuit Order Awarding Damages

1.       Pursuant to an order of the Second Circuit entered on the docket of this

case on May 25, 2011 (Docket No. 33) (the "Second Circuit Order"), the Liquidation Trust was

awarded damages to be paid by Appellants' counsel, Pidgeon & Donofrio, G.P. ("Pidgeon & Donofrio"), in amounts to be calculated and established by this Court.

2.      Specifically, pursuant to the Second Circuit Order, the Liquidation Trust's damages "shall equal the sum of:  (1) [a]ctual litigation expenses incurred by Appellee and (2) reasonable (not actual) attorneys' fees."  Second Circuit Order at 2.  In addition, these damages "shall be calculated based on the cost of litigating this appeal [in the Second Circuit Court of Appeals] only, not the underlying bankruptcy and district court proceedings" (the "Second Circuit Appeal Work").  Id.

3.      The Liquidation Trust's actual litigation expenses for the Second Circuit Appeal Work were detailed and substantiated by the Liquidation Trust's Verified Itemized Bill of Costs (Second Circuit Docket No. 107).  The costs stated therein — in the total amount of $117.60 — were ordered as taxed (Second Circuit Docket No. 126) and entered on the docket of this case as a judgment on May 26, 2011 (Docket No. 34) (the "Awarded Costs").  To date, however, these amounts remain unpaid.

4.      Because the Awarded Costs already are established, this Application focuses on the amount of the Liquidation Trust's reasonable attorneys' fees for the Second Circuit Appeal Work (the "Attorneys' Fees").

**Requested Fees — 213.75 Hours, $128,762.50**

5.      As detailed in the Ellman Declaration, the Liquidation Trust seeks its Attorneys' Fees in the amount of $128,762.50 for the Second Circuit Appeal Work (the "Requested Fees").  Ellman Dec. at ¶ 8.[1]

---

[1]      The Requested Fees include Attorneys' Fees accrued in preparing this Application, consistent with established principles permitting compensation for such fees.  See, e.g., Weyant v. Okst, 198 F.3d 311, 316 (2d Cir. 1999) (recognizing that court-awarded fees may include fees associated with seeking and

6.      The Requested Fees comprise an aggregate of 213.75 hours of work by seven lawyers and two paraprofessionals, billed at these individuals' usual hourly rates as established by Jones Day in the ordinary course of its business.  Ellman Dec. at ¶ 9.

7.      Schedule 1 attached to the Ellman Declaration sets forth the names of all Jones Day lawyers and paraprofessionals who performed services as part of the Second Circuit Appeal Work, as well as each person's position in the firm, the year each attorney was first admitted to practice law and each person's area of expertise.  In addition, this schedule sets forth for each person:  (a) the individual's applicable hourly rate(s), (b) the total hours billed for which compensation is sought and (c) the total compensation sought.  Ellman Dec. at ¶ 10.

8.      Schedule 2 attached to the Ellman Declaration sets forth the narrative detail for each lawyer's and paraprofessional's time included in the Requested Fees.  Ellman Dec. at ¶ 11.

9.      Consistent with its own internal policies, Jones Day reviewed its total accrued Attorneys' Fees for the Second Circuit Appeal Work and determined that certain fees would not be included in the damages amounts sought herein as Requested Fees.  In particular, the Attorneys' Fees sought herein reflect voluntary reductions of $36,850.00, representing 68.55 hours of work (the "Fee Adjustments").   The Fee Adjustments result from, among other things, the reduction or elimination of fees where the time charged for the particular services exceeded the amount of time that, in Jones Day's estimation, was appropriate to include in its fee award; *e.g.*, charges for duplicative or nonproductive services.  Ellman Dec. at ¶ 12.

---

(continued…)

defending the fee award).  Specifically, $8,362.50 of the Requested Fees, or approximately 6% of the Requested Fees, represents work associated with the preparation of this Application.  Ellman Dec. at ¶ 17.

10.     As such, consistent with the instructions of the Second Circuit, the Requested Fees include only reasonable fees for services performed in connection with the Second Circuit appeal of this matter and related work in connection with the Second Circuit Order and this Application.

### <u>Argument — The Requested Fees Are Reasonable</u>

11.     Awards of reasonable attorneys' fees are properly calculated using the "lodestar method;" *i.e.*, (a) the product of (i) the number of hours reasonably devoted to the case and (ii) the reasonable hourly rate; (b) subject to adjustment based on case-specific considerations, including enhancement in rare circumstances.  <u>See</u>, <u>e.g.</u>, <u>Gisbrecht v. Barnhart</u>, 535 U.S. 789, 797-98, 122 S. Ct. 1817 (2002) (describing the lodestar method).  "[T]he lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee." <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565-566, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986); <u>see</u> <u>also</u> <u>Perdue v. Kenny A. *ex rel.* Winn</u>, ___ U.S. ___, 130 S. Ct. 1662, 1672 (2010) (discussing the benefits of the lodestar method as an objective, readily administrable standard to establish reasonable attorneys' fees); <u>Grant v. Martinez</u>, 973 F.2d 96, 99 (2d Cir. 1992) (discussing and applying the lodestar method).

12.     In calculating reasonable fees by the lodestar method, the Second Circuit has favored equitable consideration of any case specific variables that are relevant to the reasonableness of fees, including without limitation the factors set forth by the United States Court of Appeals for the Fifth Circuit in <u>Johnson v. Ga. Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir. 1974),[2] <u>abrogated</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>Blanchard v. Bergeron</u>, 489 U.S. 87, 92-

---

[2]     These factors are:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved

93, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).  See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008).  "The net result of the fee-setting jurisprudence [in the Second Circuit] and in the Supreme Court is that the district courts must engage in an equitable inquiry of varying methodology while making a pretense of mathematical precision [and . . .] taking account of all case-specific variables."  Id. at 189.

13.     Importantly, the analysis "is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  Martinez, 973 F.2d at  99.

14.     Finally, "the district court has wide discretion in determining the amount of attorneys' fees to award; thus, absent an abuse of discretion or an error of law [the Second Circuit] will not disturb the district court's assessment of the appropriate fee award."  Id.

15.     Under these flexible standards, the amount of the Requested Fees is reasonable.  As noted above, consistent with the lodestar method, the Requested Fees represent the hours expended in the Second Circuit Appeal Work, multiplied by Jones Day's established rates for the individuals who performed the work.  As also noted above, Jones Day voluntarily reduced the Requested Fees by the amount of the Fee Adjustments, to ensure their reasonableness.

16.     The services performed were necessary to defend the Second Circuit appeal and, ultimately, proved to be successful on the merits.  The services were performed in an appropriate and efficient manner and were commensurate with the complexity of this appeal.

---

(continued…)

in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  Johnson, 488 F.2d at 717-19.

Ellman Dec. at ¶ 13.  The issues raised on appeal were particularly sensitive, involving allegations of judicial misconduct.  At least according to the Appellants, if they had prevailed, they would have asserted tremendous claims and pursued other relief with potentially damaging consequences in the bankruptcy cases below.  The Appellants' appeal attacked the validity of orders central to the bankruptcy proceedings and the plan of liquidation approved by the Bankruptcy Court.  The Liquidation Trust therefore concluded that it was particularly important to defend the integrity of the Bankruptcy Court orders at issue.  Id. at 15.

17.     Proper briefing of the issues required Jones Day, among other things, to (a) muster an extensive procedural history and factual record; (b) address numerous substantive and procedural issues; and (c) defend its integrity and the integrity of its clients, the bankruptcy judge and certain witnesses against the Appellants' unfounded allegations.  Ellman Dec. at ¶ 14. In addition, in making their arguments to the Second Circuit, the Appellants did not merely restate their earlier briefing in this Court or the court below.  Rather, they made material adjustments to various points, requiring Jones Day to do the same in response.  Id. at 16.  Thus, briefing in the Second Circuit required Jones Day to prepare a new brief, not merely use the same briefs as had been used in this Court and in the Bankruptcy Court.[3]  Id.

18.     The Requested Fees are based on customary compensation charged by comparably skilled practitioners, including the prevailing market rates in the relevant community.  See id. at ¶ 9.  Although not dispositive, it is instructive to note that the Bankruptcy Court in this matter approved Jones Day's fees for, among other things, similar work to defend the initial motion for reconsideration filed by the Appellants, also utilizing a lodestar calculation

---

[3]      After prevailing on the merits, Jones Day addressed issues relating to its requested fee damages and the preparation of this Application.  Ellman Dec. at ¶ 15.  Certain of these amounts are included in the Requested Fees.

based on Jones Day's standard hourly rates.   <u>See</u> Bankruptcy Court orders dated Feb. 25, 2010 and Aug. 12, 2010 (Bankruptcy Court Docket Nos. 6476 and 7356), attached hereto collectively as <u>Exhibit B</u>.  The Liquidation Trust has paid Jones Day's fees for appeal work in this Court and other similar work at the same rates for over a year.  Accordingly, Jones Day's fees qualify as "the rate a paying client would be willing to pay."  <u>E.g.</u>, <u>Arbor Hill</u>, 522 F.3d at 190.

WHEREFORE, the Liquidation Trust respectfully requests that the Court enter a decision and order (a) granting the Application; (b) finding the Requested Fees to be reasonable; (c) calculating and establishing the amount of the damages awarded to the Liquidation Trust, pursuant to the Second Circuit Order, in the amount of the Requested Fees and, to the extent unpaid, the Awarded Costs; and (d) granting such additional relief to the Liquidation Trust as the Court deems just and appropriate.

Dated:  July 1, 2011
      New York, New York

Respectfully submitted,

 /s/ Corinne Ball                 
JONES DAY
222 East 41st Street
New York, New York  10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306
Corinne Ball

JONES DAY
1420 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 581-3939
Facsimile:  (404) 581-8330
Jeffrey B. Ellman
Brett J. Berlin

JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700
Kevyn D. Orr

ATTORNEYS FOR OLD
CARCO LIQUIDATION TRUST

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------x
In re                                    )
                                         )
Old Carco LLC                            )          Appeal from Bankr. Case
(f/k/a Chrysler LLC), et al.,            )          No. 09-50002 (AJG)
                                         )          (Jointly Administered)
                       Debtors.          )
                                         )
---------------------------------------------------------x
Island Jeep, Inc., et al.,               )
                                         )
                       Appellants,       )          Case No. 1:10-cv-02493 (AKH)
     v.                                  )          (ECF Case)
                                         )
Old Carco Liquidation Trust,             )
                                         )
                       Appellee.         )
---------------------------------------------------------x
```

**DECLARATION OF JEFFREY B. ELLMAN IN**
**SUPPORT OF APPLICATION OF APPELLEE OLD CARCO**
**LIQUIDATION TRUST TO ESTABLISH THE AMOUNT OF**
**<u>DAMAGES AWARDED PURSUANT TO SECOND CIRCUIT ORDER</u>**

I, Jeffrey B. Ellman, make this Declaration under 28 U.S.C. § 1746 and state as follows:

1.      I am older than 21 years of age and suffer no legal disability.  I am competent to make this Declaration.  If called to testify, I could and would testify as stated herein.

2.      I submit this Declaration for all permissible purposes in support of the Application of Appellee Old Carco Liquidation Trust to Establish the Amount of Damages Awarded Pursuant to Second Circuit Order (the "<u>Application</u>").

3.      I have reviewed the Application, and I am familiar with the information contained therein.  Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

4.      I am a partner in the law firm of Jones Day.  I have practiced law at Jones Day since 1991.

5.      I am admitted to, and a member in good standing of, the Bars of the State of Georgia and the State of Ohio, and the Bars of the United States District Court for the Northern District of Georgia and the United States District Court for the Southern District of Ohio.

6.      In my practice as a business restructuring and reorganization lawyer, I have represented parties of all types in large corporate restructurings, including:  debtors, secured lenders, asset purchasers, significant creditors, creditors' committees, contract counterparties, equity sponsors and other parties in interest.

7.      My practice focuses on chapter 11 reorganizations and liquidations, out-of-court restructurings, distressed acquisitions and related transactions in a wide range of industries.  I am one of the lawyers who represented Old Carco Liquidation Trust in the Second Circuit appeal of this matter.

8.      As set forth in the Application, the Liquidation Trust seeks Requested Fees in the amount of $128,762.50 for the Second Circuit Appeal Work.

9.      The Requested Fees comprise an aggregate of 213.75 hours of work by seven lawyers and two paraprofessionals at Jones Day, billed at these individuals' usual hourly rates as established by Jones Day in the ordinary course of its business.  In establishing the applicable rates, the Firm considers, among other factors, the customary compensation charged

by comparably skilled practitioners, including the prevailing market rates in the relevant community.

10.     Schedule 1 attached hereto and incorporated herein by reference sets forth the names of all Jones Day lawyers and paraprofessionals who performed services as part of the Second Circuit Appeal Work, as well as each person's position in the firm, the year each attorney was first admitted to practice law and each person's area of expertise.  In addition, this schedule sets forth for each person:  (a) the individual's applicable hourly rate(s), (b) the total hours billed for which compensation is sought and (c) the total compensation sought.

11.     Schedule 2 attached hereto and incorporated herein by reference sets forth the narrative detail for each lawyer's and paraprofessional's time included in the Requested Fees.

12.     Consistent with its own internal policies, Jones Day reviewed its total accrued Attorneys' Fees for the Second Circuit Appeal Work and determined that certain fees would not be included in the damages amounts sought in the Application as Requested Fees.  In particular, the Attorneys' Fees sought in the Application reflect voluntary reductions of $36,850.00, representing 68.55 hours of work.  These Fee Adjustments result from, among other things, the reduction or elimination of fees where the time charged for the particular services exceeded the amount of time that, in Jones Day's estimation, was appropriate to include in its fee award; *e.g*., charges for duplicative or nonproductive services.

13.     I personally supervised and participated in the Second Circuit Appeal Work.  In my opinion, the amount of the Requested Fees is reasonable.  I believe that the services performed were necessary and were performed in an appropriate and efficient manner and were commensurate with the complexity of this appeal.

14.     Indeed, proper briefing of the issues required Jones Day, among other things, to (a) muster an extensive procedural history and factual record; (b) address numerous substantive and procedural issues; and (c) defend its integrity and the integrity of its clients, the bankruptcy judge and certain witnesses against the Appellants' unfounded allegations.

15.     The issues raised on appeal were particularly sensitive, involving allegations of judicial misconduct.  At least according to the Appellants, if they had prevailed, they would have asserted tremendous claims and pursued other relief with potentially damaging consequences in the bankruptcy cases below.  The Appellants' appeal attacked the validity of orders central to the bankruptcy proceedings and the plan of liquidation approved by the Bankruptcy Court.  The Liquidation Trust therefore concluded that it was particularly important to defend the integrity of the Bankruptcy Court orders at issue.

16.     In addition, in making their arguments to the Second Circuit, the Appellants did not merely restate their earlier briefing in this Court or the court below.  Rather, they made material adjustments to various points, requiring Jones Day to do the same in response.  Thus, briefing in the Second Circuit required Jones Day to prepare a new brief, not merely use the same briefs as had been used in this Court and in the Bankruptcy Court

17.     After prevailing on the merits, Jones Day addressed issues relating to its requested fee damages and the preparation of the Application.  Of the Requested Fees, $8,362.50, or approximately 6%, represents work performed to prepare the Application.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  July 1, 2011                         /s/ Jeffrey B. Ellman
            Atlanta, Georgia                 Jeffrey B. Ellman

## **SCHEDULE 1**

**SCHEDULE 1**

**OLD CARCO LIQUIDATION TRUST**

**REQUESTED FEES SUMMARY**

**AUGUST 31, 2010 - JUNE 30, 2011**

| Name | Title | Licensed to Practice | Area of Expertise | 2010 Billing Rate | 2011 Billing Rate | Total Hours | Total Fees |
|------|-------|---------------------|-------------------|-------------------|-------------------|-------------|------------|
| C Ball | Partner | 1979 | Business Restructuring & Reorganization | $950.00 | $975.00 | 3.25 | $  3,168.75 |
| K Orr | Partner | 1984 | Business Restructuring & Reorganization | 750.00 | 775.00 | 37.50 | 28,768.75 |
| J Ellman | Partner | 1991 | Business Restructuring & Reorganization | 775.00 | 800.00 | 40.00 | 31,575.00 |
| B Berlin | Of Counsel | 1996 | Business Restructuring & Reorganization | 575.00 | 600.00 | 83.00 | 48,775.00 |
| D Merrett | Associate | 2007 | Business Restructuring & Reorganization | 350.00 | 425.00 | 22.75 | 9,481.25 |
| N Phillis | Associate | 2010 | New Lawyers Group | N/A | 225.00 | 8.50 | 1,912.50 |
| A Villar | Staff Attorney | 2008 | Issues & Appeals | N/A | 275.00 | 16.25 | 4,443.75 |
| M Stone | Paralegal | | Business Restructuring & Reorganization | 275.00 | 275.00 | 2.00 | 550.00 |
| C Haake | Project Assistant | | Issues & Appeals | 175.00 | N/A | 0.50 | 87.50 |
| | | | | | | | |
| **TOTALS** | | | | | | **213.75** | **$  128,762.50** |

## SCHEDULE 2

## <u>SCHEDULE 2</u>

## OLD CARCO LIQUIDATION TRUST

## TIME DETAIL

## AUGUST 31, 2010 - JUNE 30, 2011

| | | | | |
|---|---|---|---|---|
| 08/31/10 | K D ORR | | 1.00 | 750.00 |

Review of local rules regarding Second Circuit appeals procedures; preparation of memo to team regarding appellate strategy.

| | | | | |
|---|---|---|---|---|
| 09/23/10 | J B ELLMAN | | 0.25 | 193.75 |

Communicate with Berlin regarding status of pending dealer appeal.

| | | | | |
|---|---|---|---|---|
| 09/27/10 | K D ORR | | 2.00 | 1,500.00 |

Review of Second Circuit docket; review of Donofrio and Pidgeon pleading; review of Donofrio motion to withdraw.

| | | | | |
|---|---|---|---|---|
| 10/01/10 | K D ORR | | 0.50 | 375.00 |

Review of notice of appeal regarding dealer reconsideration.

| | | | | |
|---|---|---|---|---|
| 10/05/10 | K D ORR | | 0.50 | 375.00 |

Review of docket entries; review documents regarding appeal for reconsideration order.

| | | | | |
|---|---|---|---|---|
| 10/06/10 | K D ORR | | 0.25 | 187.50 |

Review of Donofrio appeal docket entries.

| | | | | |
|---|---|---|---|---|
| 10/07/10 | K D ORR | | 0.50 | 375.00 |

Review/analyze legal research/background materials regarding reconsideration appeal.

| | | | | |
|---|---|---|---|---|
| 10/11/10 | K D ORR | | 0.25 | 187.50 |

Review of pending 2nd Circuit appeals briefing schedule.

| | | | | |
|---|---|---|---|---|
| 10/12/10 | K D ORR | | 0.25 | 187.50 |

Review of appellate briefing schedule and appendices to brief.

| | | | | |
|---|---|---|---|---|
| 10/13/10 | K D ORR | | 1.00 | 750.00 |

Calculation of Donofrio due date and review of Donofrio record.

| | | | | |
|---|---|---|---|---|
| 10/14/10 | J B ELLMAN | | 0.25 | 193.75 |

Review appellate filing of Pidgeon.

| | | | | |
|---|---|---|---|---|
| 10/15/10 | K D ORR | | 0.25 | 187.50 |

Review of Donofrio appellate filing.

| | | | | |
|---|---|---|---|---|
| 10/25/10 | B J BERLIN | | 0.25 | 143.75 |

Review issue statement in Rule 60 appeal.

| | | | | |
|---|---|---|---|---|
| 10/25/10 | K D ORR | | 0.50 | 375.00 |

Review of ECMF memo; analysis of briefing schedules due dates and argument outlines regarding reconsideration appeal.

| Date | Attorney | Hours | Amount |
|---|---|---|---|
| 11/03/10 | C H HAAKE | 0.25 | 43.75 |

File attorney notice of appearance on Second Circuit ECF.

| 11/09/10 | B J BERLIN | 0.50 | 287.50 |

Review and analysis of dealers' Rule 60 brief to 2d Circuit; communicate with Ellman regarding same.

| 11/09/10 | J B ELLMAN | 1.25 | 968.75 |

Review Pidgeon brief regarding dealer 2d Circuit appeal; communicate with Orr regarding same.

| 11/09/10 | K D ORR | 3.50 | 2,625.00 |

Review of initial brief of appellants; preparation of notes regarding brief's allegations and response outline.

| 11/11/10 | B J BERLIN | 0.50 | 287.50 |

Work on dealers' Rule 60 appeal response brief.

| 11/15/10 | K D ORR | 1.00 | 750.00 |

Review of Donofrio revised brief.

| 11/16/10 | D J MERRETT | 2.50 | 875.00 |

Review and analyze authority cited in dealers' appellate brief; communicate with Berlin regarding same.

| 11/16/10 | B J BERLIN | 1.50 | 862.50 |

Work associated with dealer Rule 60 appeal response brief.

| 11/17/10 | B J BERLIN | 0.25 | 143.75 |

Work associated with dealer Rule 60 appeal response brief.

| 11/17/10 | J B ELLMAN | 0.25 | 193.75 |

Review correspondence regarding dealer appeals.

| 11/18/10 | B J BERLIN | 0.75 | 431.25 |

Work associated with dealer Rule 60 appeal.

| 11/19/10 | B J BERLIN | 0.25 | 143.75 |

Work associated with dealer Rule 60 appeal.

| 11/22/10 | B J BERLIN | 0.75 | 431.25 |

Coordinate and communicate with Villar regarding request to Court for brief filing deadline; review and edit draft request; communicate with Orr, Ellman, Heifetz regarding same.

| 11/22/10 | A R VILLAR | 1.00 | 250.00 |

Draft and revise scheduling request letter.

| 11/27/10 | B J BERLIN | 0.25 | 143.75 |

Communicate with Orr, Villar regarding scheduling request to Court; edit and revise scheduling request letter.

| 11/29/10 | B J BERLIN | 0.50 | 287.50 |

Coordinate and communicate with Villar regarding scheduling request; communicate with Ellman regarding appeal brief.

| 11/29/10 | J B ELLMAN | 0.25 | 193.75 |

Communicate with Berlin regarding briefing schedule and drafting for dealer reconsideration appeal.

| Date | Attorney | Hours | Amount |
|---|---|---|---|
| 11/29/10 | C H HAAKE | 0.25 | 43.75 |
| | File Scheduling Request in Second Circuit Court of Appeals. | | |
| 11/30/10 | B J BERLIN | 1.00 | 575.00 |
| | Work on Rule 60 appeal brief. | | |
| 12/02/10 | B J BERLIN | 0.75 | 431.25 |
| | Work associated with Rule 60 appeal brief. | | |
| 12/02/10 | D J MERRETT | 7.75 | 2,712.50 |
| | Review and analyze dealers' Second Circuit appeal brief; communicate with Berlin regarding same. | | |
| 12/03/10 | B J BERLIN | 0.25 | 143.75 |
| | Work on Rule 60 appeal brief. | | |
| 12/03/10 | D J MERRETT | 2.00 | 700.00 |
| | Review and analyze dealers' Second Circuit appeal brief; communicate with Berlin regarding same. | | |
| 12/07/10 | B J BERLIN | 0.25 | 143.75 |
| | Communicate with Ellman, Wilson regarding dealers' latest attempt to file appeal brief and appendix. | | |
| 12/08/10 | B J BERLIN | 0.25 | 143.75 |
| | Work on dealer Rule 60 appeal. | | |
| 12/13/10 | B J BERLIN | 0.25 | 143.75 |
| | Communicate with Ellman, Wilson and Villar regarding court confirmation of appellees' cured filing. | | |
| 12/14/10 | B J BERLIN | 0.25 | 143.75 |
| | Communicate with Ellman and Wilson regarding dealer Rule 60 appeal; review court's scheduling order. | | |
| 12/20/10 | B J BERLIN | 3.50 | 2,012.50 |
| | Work on Rule 60 appeal. | | |
| 12/21/10 | B J BERLIN | 6.75 | 3,881.25 |
| | Work on dealer Rule 60 appeal. | | |
| 12/21/10 | D J MERRETT | 1.00 | 350.00 |
| | Research regarding dealers' Rule 60 appeal. | | |
| 12/22/10 | B J BERLIN | 1.00 | 575.00 |
| | Work on dealer Rule 60 appeal. | | |
| 12/23/10 | B J BERLIN | 7.50 | 4,312.50 |
| | Work on dealer Rule 60 appeal. | | |
| 12/23/10 | D J MERRETT | 0.50 | 175.00 |
| | Research regarding dealers' rule 60 appeal. | | |
| 12/24/10 | B J BERLIN | 3.00 | 1,725.00 |
| | Work on dealer Rule 60 appeal. | | |
| 12/27/10 | B J BERLIN | 5.00 | 2,875.00 |
| | Work on dealer Rule 60 appeal. | | |

| 12/27/10 | J B ELLMAN | 0.25 | 193.75 |

Communicate with Berlin regarding Second Circuit briefing.

| 12/28/10 | B J BERLIN | 3.75 | 2,156.25 |

Work on dealer Rule 60 appeal; communicate with Ellman regarding same.

| 12/28/10 | J B ELLMAN | 0.50 | 387.50 |

Review filings in reconsideration appeal; communicate with Berlin regarding response brief and supporting materials.

| 01/03/11 | B J BERLIN | 0.25 | 150.00 |

Communicate with Ellman regarding dealers Rule 60 appeal.

| 01/04/11 | B J BERLIN | 0.25 | 150.00 |

Communicate with Ellman regarding dealers Rule 60 appeal.

| 01/04/11 | K D ORR | 0.50 | 387.50 |

Review of memos regarding Rule 60 appeal.

| 01/05/11 | B J BERLIN | 0.25 | 150.00 |

Communicate with Ellman, Villar in connection with dealer Rule 60 appeal brief.

| 01/05/11 | K D ORR | 0.50 | 387.50 |

Attention to Rule 60 appeal.

| 01/06/11 | B J BERLIN | 0.25 | 150.00 |

Communicate with Ellman regarding dealer Rule 60 appeal brief.

| 01/07/11 | B J BERLIN | 3.25 | 1,950.00 |

Review and revise dealer Rule 60 appeal brief; coordinate and communicate with Ellman regarding same.

| 01/10/11 | J B ELLMAN | 2.25 | 1,800.00 |

Review and comment on Second Circuit brief in dealer reconsideration appeal; communicate with Berlin regarding same.

| 01/10/11 | K D ORR | 1.00 | 775.00 |

Initial review of second circuit dealer reconsideration appeal.

| 01/11/11 | C BALL | 0.75 | 731.25 |

Communicate with Ellman regarding 60(d)(3) brief.

| 01/11/11 | B J BERLIN | 1.50 | 900.00 |

Review and revise dealer Rule 60 appeal brief; communicate with Ellman, Orr regarding same; direct Villar regarding brief and  appendix preparation.

| 01/11/11 | J B ELLMAN | 3.00 | 2,400.00 |

Review updated brief for Second Circuit; review Orr comments regarding same; communicate with Orr and Berlin regarding same; communicate with Ball regarding same.

| 01/11/11 | K D ORR | 1.50 | 1,162.50 |

Preparation of comments to Second Circuit brief; communicate with Ellman regarding Second Circuit brief.

| 01/11/11 | A R VILLAR | 3.50 | 962.50 |

Cite-check appellee's brief.

| 01/12/11 | C BALL | 2.50 | 2,437.50 |

Review brief on 60(d)(3); communicate with Orr and Ellman regarding same.

| 01/12/11 | B J BERLIN | 5.75 | 3,450.00 |

Communicate with Ellman regarding appeal brief; review and revise brief;  coordinate and communicate with Villar regarding process and procedure.

| 01/12/11 | J B ELLMAN | 3.75 | 3,000.00 |

Communicate with Orr and Ball regarding edits to Second Circuit dealer brief; communicate with Berlin regarding same; review internal draft of updated introduction section; review appendix issues.

| 01/12/11 | K D ORR | 4.50 | 3,487.50 |

Communicate with Ellman regarding draft brief; communicate with Ellman and Ball regarding structure of draft brief.

| 01/12/11 | A R VILLAR | 3.00 | 825.00 |

Cite-check brief.

| 01/13/11 | B J BERLIN | 2.25 | 1,350.00 |

Communicate with Ellman, Orr regarding appeal brief and appendix; review and revise appeal brief; coordinate and communicate with Villar, Geremia regarding brief and appendix preparation.

| 01/13/11 | J B ELLMAN | 8.25 | 6,600.00 |

Review update to Second Circuit brief in dealer reconsideration appeal; draft inserts for same; review related materials; communicate with Orr regarding same; communicate with Berlin, Ball regarding same.

| 01/13/11 | K D ORR | 4.00 | 3,100.00 |

Communicate with Ellman and Berlin regarding appellate brief and revisions; preparation of revisions to brief and inserts; review of appellate index and appendix.

| 01/13/11 | A R VILLAR | 2.00 | 550.00 |

Cite-check appellee's brief.

| 01/14/11 | B J BERLIN | 7.75 | 4,650.00 |

Review and revise appeal brief per Ellman, Orr, Ball, Villar input; coordinate and communicate with Ellman, Orr, Villar, Merrett regarding brief and appendix.

| 01/14/11 | J B ELLMAN | 7.50 | 6,000.00 |

Review, revise and finalize Second Circuit brief regarding dealer reconsideration appeal; review related materials; communicate with Orr, Ball, Chadwick regarding same; research issues for same; review motion to file supplemental appendix; communicate with Pidgeon regarding same.

| 01/14/11 | D J MERRETT | 1.25 | 531.25 |

Prepare appendix for dealers' rule 60 Second Circuit appeal.

| 01/14/11 | K D ORR | 3.00 | 2,325.00 |

Review of revised draft Donofrio brief; review of record and hearing transcript; preparation of revisions to brief.

| 01/14/11 | A R VILLAR | 6.00 | 1,650.00 |

Finalize cite-check; create supplemental appendix; draft motion for leave to file supplemental appendix; file brief and motion.

| 01/18/11 | B J BERLIN | 0.25 | 150.00 |
|---|---|---|---|

Review notice from Second Circuit regarding appeal brief; coordinate and communicate with Ellman, Orr, Villar regarding same.

| 01/18/11 | K D ORR | 0.50 | 387.50 |
|---|---|---|---|

Review of 2nd Circuit ECF notice regarding as filed brief; preparation of memos regarding revisions to brief.

| 01/19/11 | B J BERLIN | 0.25 | 150.00 |
|---|---|---|---|

Coordinate and communicate with Ellman, Villar regarding dealer Rule 60 appeal brief.

| 01/19/11 | K D ORR | 0.50 | 387.50 |
|---|---|---|---|

Review of motion; review of notice and as-ordered ruling.

| 01/20/11 | K D ORR | 0.50 | 387.50 |
|---|---|---|---|

Review of supplemental appendix and related motion.

| 01/20/11 | A R VILLAR | 0.25 | 68.75 |
|---|---|---|---|

File supplemental appendix.

| 01/24/11 | K D ORR | 1.00 | 775.00 |
|---|---|---|---|

Review of appellants' reply brief and analysis of Rule 60 and record below.

| 01/25/11 | B J BERLIN | 0.25 | 150.00 |
|---|---|---|---|

Review and analysis of dealers' Rule 60 appeal reply brief.

| 01/25/11 | J B ELLMAN | 1.00 | 800.00 |
|---|---|---|---|

Review reply brief of dealers in Second Circuit reconsideration appeal; communicate with Berlin and Orr regarding same and next steps.

| 01/25/11 | K D ORR | 1.00 | 775.00 |
|---|---|---|---|

Review of reply brief of dealers in Second Circuit reconsideration appeal; communicate with Berlin and Ellman regarding same and next steps.

| 01/26/11 | K D ORR | 0.25 | 193.75 |
|---|---|---|---|

Analysis of Second Circuit local rules for oral argument.

| 01/27/11 | K D ORR | 0.25 | 193.75 |
|---|---|---|---|

Analysis of appellate docket regarding necessity for supplemental docket.

| 02/01/11 | B J BERLIN | 0.50 | 300.00 |
|---|---|---|---|

Diligence regarding potential oral argument for dealer Rule 60 appeal; communicate with Ellman regarding same.

| 02/01/11 | K D ORR | 1.00 | 775.00 |
|---|---|---|---|

Communicate with Ellman regarding oral argument before Second Circuit; review of appellant's reply brief.

| 02/03/11 | B J BERLIN | 0.25 | 150.00 |
|---|---|---|---|

Communicate with Ellman regarding dealer Rule 60 appeal.

| 02/10/11 | J B ELLMAN | 0.25 | 200.00 |
|---|---|---|---|

Communicate with Orr regarding Second Circuit activity in reconsideration appeal.

| 02/11/11 | B J BERLIN | 0.25 | 150.00 |
|---|---|---|---|

Communications regarding dealer Rule 60 appeal.

| 02/11/11 | J B ELLMAN | 0.25 | 200.00 |

Communicate with Orr regarding Second Circuit activity in reconsideration appeal.

| 02/11/11 | K D ORR | 0.50 | 387.50 |

Communicate with Ellman regarding Second Circuit briefing; preparation of notes regarding oral argument outline.

| 02/14/11 | B J BERLIN | 0.25 | 150.00 |

Communications regarding dealer Rule 60 appeal.

| 02/24/11 | B J BERLIN | 0.25 | 150.00 |

Review updated dealer Rule 60 appeal docket; communicate with Villar in connection with certain docket entries.

| 03/08/11 | B J BERLIN | 0.50 | 300.00 |

Communications with dealer's attorney, Ellman, Ball, Orr regarding certain dealers' request to withdraw from Rule 60 appeal.

| 03/08/11 | J B ELLMAN | 0.25 | 200.00 |

Communicate with Berlin, Ball regarding withdrawal of certain appellants from reconsideration appeal.

| 03/25/11 | B J BERLIN | 0.75 | 450.00 |

Review 2d Circuit ruling in dealer Rule 60 appeal; communicate with Orr, Ellman regarding same and potential motion for damages and costs; research diligence in connection with same.

| 03/25/11 | J B ELLMAN | 0.75 | 600.00 |

Review Second Circuit opinion regarding reconsideration motion appeal; communicate with Berlin, Orr, Chadwick regarding same; review cost issues.

| 03/26/11 | J B ELLMAN | 0.25 | 200.00 |

Communicate with Orr regarding motion for costs, fees, damages against Rule 60 appellants.

| 03/28/11 | B J BERLIN | 1.25 | 750.00 |

Diligence research regarding bill of costs and potential Rule 38 motion for damages in dealer Rule 60 appeal; communicate with attorney for certain appellees regarding withdrawal motion; communicate with Ellman, Orr, Ball regarding same; assignment to Phillis regarding FRAP 38 damages motion.

| 03/28/11 | J B ELLMAN | 0.25 | 200.00 |

Review additional correspondence and motions to withdraw in reconsideration appeal; communicate with Berlin regarding same.

| 03/28/11 | N S PHILLIS | 1.75 | 393.75 |

Research Rule 38 sanctions, focusing on 2nd Circuit law.

| 03/28/11 | A R VILLAR | 0.50 | 137.50 |

Research Federal Rule of Appellate Procedure 38 motions.

| 03/30/11 | B J BERLIN | 1.00 | 600.00 |

Coordinate and communicate with Ellman, Phillis, Villar regarding FRAP 38 damages motion and FRAP 39 bill of costs; research and analysis regarding same.

| 03/30/11 | N S PHILLIS | 0.25 | 56.25 |

Communicate with Berlin about plan to draft 2nd Circuit request for Rule 38 sanctions.

| 03/31/11 | B J BERLIN | 0.50 | 300.00 |

Communicate with Roovers regarding dealer appeals; attention to damages and costs papers for dealer Rule 60 appeal; coordinate and communicate with Phillis, Villar in connection with same.

| 03/31/11 | N S PHILLIS | 2.25 | 506.25 |

Research Rule 38 sanctions in 2nd Circuit; draft brief in support of Rule 38 motion.

| 04/01/11 | N S PHILLIS | 1.25 | 281.25 |

Research Rule 38 sanctions; draft brief seeking sanctions.

| 04/02/11 | N S PHILLIS | 3.00 | 675.00 |

Research Rule 38 sanctions; draft Rule 38 sanctions brief.

| 04/04/11 | B J BERLIN | 1.00 | 600.00 |

Communicate with Heifetz regarding damages motion and bill of costs for dealer Rule 60 appeal; review, review and revise draft damages motion; coordinate and communicate with Phillis in connection with same.

| 04/05/11 | K D ORR | 1.00 | 775.00 |

Review of Rule 38 motion; analysis of Title 28 sanctions rule.

| 04/06/11 | B J BERLIN | 1.00 | 600.00 |

Review Ellman input on bill of costs and damages motion; review and revise bill of costs and damages motion; communicate with Ellman regarding same; communicate with Ellman, Orr regarding scope of relief; coordinate and communicate with Villar regarding bill of costs.

| 04/06/11 | J B ELLMAN | 0.50 | 400.00 |

Communicate with Orr and Berlin regarding dealer Rule 38 motion; review and comment on same; review bill of costs.

| 04/07/11 | J B ELLMAN | 0.50 | 400.00 |

Communicate with Orr and Berlin regarding sanctions and damages motion; review materials regarding same.

| 04/07/11 | K D ORR | 0.50 | 387.50 |

Attention to costs motion.

| 04/08/11 | B J BERLIN | 1.00 | 600.00 |

Finalize and arrange for filing and service of bill of costs, damages motion and motion cover form for Rule 60 appeal; communicate with dealers' attorney regarding same; coordinate and communicate with Ellman, Villar in connection with same.

| 04/08/11 | J B ELLMAN | 1.00 | 800.00 |

Review damages motion; communicate with Berlin regarding same; finalize motion and related papers; communicate with Berlin regarding service issues and revised order sheet requirement.

| 04/08/11 | K D ORR | 0.25 | 193.75 |

Review of motion for costs.

| 04/11/11 | B J BERLIN | 0.75 | 450.00 |

Communicate with Orr and Ellman regarding damages motion in Rule 60 appeal; communicate with dealers' attorney regarding same.

| 04/12/11 | B J BERLIN | 0.25 | 150.00 |

Communicate with Ellman regarding damages motion for Rule 60 appeal.

| 04/12/11 | J B ELLMAN | 0.25 | 200.00 |
|---|---|---|---|

Communicate with dealer lawyer re motion for costs; communicate with Orr and Chadwick regarding same.

| 04/18/11 | J B ELLMAN | 0.25 | 200.00 |
|---|---|---|---|

Communicate with Blatt regarding extension request regards costs motion.

| 04/18/11 | K D ORR | 0.25 | 193.75 |
|---|---|---|---|

Review of memo regarding continuance requests and memo from dealer counsel regarding parties.

| 04/20/11 | B J BERLIN | 0.50 | 300.00 |
|---|---|---|---|

Review and analysis of motion of certain dealers regarding damages and costs motion in Rule 60 appeal; analysis regarding potential dealer response to damages and costs motion; communicate with Ellman regarding same.

| 04/20/11 | J B ELLMAN | 0.25 | 200.00 |
|---|---|---|---|

Communicate with Blatt regarding costs motion and extension request.

| 04/21/11 | B J BERLIN | 0.50 | 300.00 |
|---|---|---|---|

Coordinate and communicate with Ellman, Orr, Villar regarding 2d Circuit CTA clerk request for bill of costs modification.

| 04/21/11 | J B ELLMAN | 0.50 | 400.00 |
|---|---|---|---|

Communicate with Siegel (2d Cir) regarding motion for costs and next steps; communicate with Orr, Berlin, Villar regarding same; review new docket entries.

| 04/25/11 | B J BERLIN | 0.50 | 300.00 |
|---|---|---|---|

Review and analysis of certain dealers' response to damages motion in Rule 60 appeal; communicate with Ellman regarding same and Court's request for refiling of damages motion.

| 04/25/11 | J B ELLMAN | 0.75 | 600.00 |
|---|---|---|---|

Communicate with Blatt regarding costs issue; communicate with 2d Circuit re request to refile; review Blatt opposition to costs motion; communicate with Berlin and Orr regarding same.

| 04/26/11 | B J BERLIN | 0.25 | 150.00 |
|---|---|---|---|

Coordinate and communicate with Orr, Ellman, Villar regarding refiling Rule 38 motion and bill of costs for Rule 60 appeal.

| 04/26/11 | K D ORR | 1.00 | 775.00 |
|---|---|---|---|

Donofrio - Review of defendants' response to cost motion.

| 05/02/11 | B J BERLIN | 0.50 | 300.00 |
|---|---|---|---|

Communications with Blatt regarding certain dealers' opposition to damages motion; communicate with Ellman regarding Donofrio position on costs and damages.

| 05/02/11 | J B ELLMAN | 0.50 | 400.00 |
|---|---|---|---|

Communicate with Pidgeon regarding appeal issues; communicate with Blatt (withdrawing dealers counsel) regarding appeal and costs issues; communicate with Berlin regarding same.

| 05/02/11 | K D ORR | 1.00 | 775.00 |
|---|---|---|---|

Review of memos in opposition to costs motion.

| 05/03/11 | B J BERLIN | 0.25 | 150.00 |
|---|---|---|---|

Review correspondence from dealers' attorney regarding Rule 60 appeal; communicate with Ellman regarding same.

| 05/03/11 | J B ELLMAN | 0.25 | 200.00 |

Communicate with Donofrio regarding appeal issues; communicate with Orr, Berlin regarding same.

| 05/03/11 | K D ORR | 0.50 | 387.50 |

Review of Donofrio and Pidgeon emails; communicate with Ellman regarding same.

| 05/04/11 | J B ELLMAN | 0.25 | 200.00 |

Communicate with Pidgeon regarding appeal issues and bill of costs.

| 05/04/11 | K D ORR | 0.50 | 387.50 |

Review of memos regarding bill of costs; analysis of costs and sanctions standards.

| 05/05/11 | B J BERLIN | 1.25 | 750.00 |

Communicate with Merrett regarding next steps in connection with anticipated reply to dealers' opposition to FRAP 38 damages motion; coordinate and communicate with Ellman, Roovers, Villar in connection with anticipated reply; work on content of anticipated reply.

| 05/05/11 | J B ELLMAN | 0.50 | 400.00 |

Communicate with Berlin regarding costs motion and issues.

| 05/06/11 | B J BERLIN | 0.25 | 150.00 |

Coordinate and communicate with Ellman, Merrett in connection with anticipated reply to dealers' response to damages motion.

| 05/06/11 | D J MERRETT | 2.75 | 1,168.75 |

Prepare transcript appendix for anticipated reply to dealers' response to damages motion.

| 05/09/11 | B J BERLIN | 0.25 | 150.00 |

Coordinate and communicate with Merrett regarding anticipated reply to dealers' response to damages motion in Rule 60 appeal.

| 05/09/11 | D J MERRETT | 1.25 | 531.25 |

Research regarding damages motion.

| 05/10/11 | B J BERLIN | 0.25 | 150.00 |

Coordinate and communicate with Stone regarding damages and fees motion.

| 05/12/11 | B J BERLIN | 0.25 | 150.00 |

Communicate with Ellman regarding Rule 60 appeal; review Rule 60 appeal docket in connection with same.

| 05/12/11 | M B STONE | 2.00 | 550.00 |

Review invoices of amounts to be sought regarding appeal fees.

| 05/13/11 | B J BERLIN | 0.25 | 150.00 |

Analysis in connection with anticipated dealer opposition to damages motion.

| 05/17/11 | B J BERLIN | 0.50 | 300.00 |

Review dealers' opposition to damages motion; communications with Ellman, Orr, Merrett regarding same.

| 05/17/11 | J B ELLMAN | 0.50 | 400.00 |

Review Donofrio response to costs motion; communicate with Merrett and Orr regarding same.

| 05/17/11 | D J MERRETT | 0.25 | 106.25 |

Research regarding Federal Rule of Appellate Procedure for dealer appeal; review and analyze dealers response to motion for costs.

| 05/18/11 | J B ELLMAN | 0.25 | 200.00 |

Communicate with Orr and Merrett regarding reply to costs motion response.

| 05/19/11 | K D ORR | 0.50 | 387.50 |

Review of Donofrio response and preparation of emails regarding responsive pleading.

| 05/24/11 | B J BERLIN | 0.25 | 150.00 |

Review and comment on draft reply for damages motion in Rule 60 appeal.

| 05/24/11 | D J MERRETT | 0.75 | 318.75 |

Draft and revise reply in support of motion for sanctions; communicate with Orr, Ellman and Berlin regarding same.

| 05/25/11 | J B ELLMAN | 0.50 | 400.00 |

Review order regarding costs motion in reconsideration appeal; communicate with Merrett and Berlin regarding next steps; review related materials.

| 05/25/11 | K D ORR | 0.25 | 193.75 |

Review of order regarding costs motion or appeal.

| 06/01/11 | B J BERLIN | 0.25 | 150.00 |

Work associated with fee submission to District Court in dealer Rule 60 matter.

| 06/02/11 | B J BERLIN | 0.75 | 450.00 |

Work on data & substantiation for fee award in Rule 60 appeal; coordinate/communicate with Ellman regarding same.

| 06/08/11 | B J BERLIN | 0.25 | 150.00 |

Communicate with Ellman regarding scheduling & agreed scheduling order for Rule 60 appeal fee award briefing.

| 06/10/11 | J B ELLMAN | 0.25 | 200.00 |

Review and revise stipulation to establish briefing schedule for costs issue.

| 06/12/11 | J B ELLMAN | 0.25 | 200.00 |

Draft correspondence to Pidgeon re scheduling order in fee award matter.

| 06/14/11 | J B ELLMAN | 0.25 | 200.00 |

Communicate with Pidgeon re scheduling stipulation.

| 06/20/11 | D J MERRETT | 2.75 | 1,168.75 |

Research in support of claim for attorneys' fees with respect to rejected dealers' appeal of order denying motion for reconsideration; communicate with Berlin regarding same.

| 06/22/11 | B J BERLIN | 1.00 | 600.00 |

Work on fee application for Rule 60 appeal.

| 06/23/11 | B J BERLIN | 1.75 | 1,050.00 |

Communicate with Ellman regarding fee application for Rule 60 appeal; work on fee application.

| 06/26/11 | J B ELLMAN | 1.75 | 1,400.00 |

Review and revise fee application for District Court.

| 06/27/11 | B J BERLIN | 1.00 | 600.00 |

Review/analysis of Ellman input on fee application; review & finalize fee application & supporting declaration; communicate with Ellman regarding foregoing.

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                        :
In re                                   :   Chapter 11
                                        :
Old Carco LLC                           :   Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), et al.,           :
                                        :   (Jointly Administered)
                       Debtors.         :
                                        :
-------------------------------------------------------------x
```

**ORDER APPROVING SECOND INTERIM APPLICATION OF**
**JONES DAY, COUNSEL FOR THE DEBTORS, FOR ALLOWANCE OF**
**COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**
**FOR THE PERIOD SEPTEMBER 1, 2009 THROUGH DECEMBER 31, 2009**

Upon the Second Interim Application of Jones Day, Counsel for the Debtors, for

Allowance of Compensation for Professional Services Rendered and for Reimbursement of

Actual and Necessary Expenses Incurred for the Period September 1, 2009 through

December 31, 2009 (Docket No. 6294) (the "Second Interim Application") and the Supplement

to Second Interim Application of Jones Day, Counsel for the Debtors, for Allowance of

Compensation for Professional Services Rendered and for Reimbursement of Actual and

Necessary Expenses Incurred for the Period September 1, 2009 Through December 31, 2009

(Docket No. 6330) (together with the Second Interim Application, the "Application"),[1] filed by

Jones Day; the Office of the United States Trustee having filed the Response of the United States

Trustee Regarding Second Interim Applications for Compensation and Reimbursement of

Expenses (Docket No. 6450) (the "U.S. Trustee Response"); the Court having reviewed the

Application, the certification by Jeffrey B. Ellman attached to the Second Interim Application as

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to them in the Application.

Exhibit C and having heard the statements of counsel regarding the relief requested in the Application at a hearing before the Court on February 25, 2010 (the "Hearing"); the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) notice of the Application and the Hearing was sufficient under the circumstances; (iv) the compensation requested in the Application and approved herein is reasonable and for actual and necessary services rendered by Jones Day during the Compensation Period and the expenses for which reimbursement is sought in the Application are actual and necessary expenses; (v) the Application fully complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines and Administrative Order M-389, Establishing Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated November 25, 2009 and (vi) good cause exists for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Application is GRANTED, and the Response is RESOLVED as to the Application, as set forth herein.

2.      Jones Day is awarded, on an interim basis, compensation for professional services rendered during the Compensation Period in the amount of $5,939,300.50 (the "Allowed Interim Fee Amount") and reimbursement for actual and necessary expenses incurred by Jones Day during the Compensation Period in the amount of $136,762.63 (together with the Allowed Interim Fee Amount, the "Allowed Interim Amount").

3.      To the extent not previously paid, the First Lien Lender Fees in the amount of $623,837.62, the First Lien Lender Expenses in the amount of $5,790.87, the

DIP Lender Fees in the amount of $4,954,246.63 and the DIP Lender Expenses in the amount of

$125,405.48 shall be paid in accordance with the Winddown Orders.

4.      The Debtors are authorized and directed to pay promptly to Jones Day the

Allowed Interim Amount, to the extent that such amount has not previously been paid, *provided*

*that* the Debtors need not pay any New Chrysler Fees or New Chrysler Expenses.

5.      New Chrysler shall pay to Jones Day the unpaid balance of:  (a) the

New Chrysler Fees in the amount of $361,216.25; and (b) the New Chrysler Expenses in the

amount of $5,566.28.


Dated: New York, New York
       February 25, 2010

                              **s/Arthur J. Gonzalez**
                              CHIEF UNITED STATES BANKRUPTCY JUDGE

| | | | | | | |
|---|---|---|---|---|---|---|
| **Old Carco LLC (f/k/a Chrysler LLC)**, *et al*. <br> **Chapter 11 Case No. 09-50002 (AJG)** <br><br> **SECOND INTERIM PROFESSIONAL FEE PERIOD** <br> **Fee Period:  September 1, 2009 Through December 31, 2009** | | | | | | |
| APPLICANT | DATE AND DOCKET NO. | INTERIM FEES SOUGHT | INTERIM FEES AWARDED[1] | INTERIM FEES ALLOWED | INTERIM EXPENSES SOUGHT | INTERIM EXPENSES AWARDED |
| **JONES DAY** <br> Counsel for Debtors and Debtors in Possession | 1/28/2010; 2/4/2010 (D.I. 6294; 6330) | $5,946,182.00 | $5,939,300.50[2] | $5,939,300.50 | $137,229.10 | $136,762.63[3] |

**DATE:  February 25, 2010**                                    **INITIALS: AJG CUSBJ**

---

[1]      The Interim Fees Awarded and the Interim Fees Allowed include $361,216.25 of New Chrysler Fees that are payable by New Chrysler.

[2]      Jones Day voluntarily agreed to reduce the compensation sought during the period from September 1, 2009 through December 1, 2009 to $5,939,300.50.

[3]      Jones Day voluntarily agreed to reduce the expenses sought during the period from September 1, 2009 through December 1, 2009 to $136,762.63.  The Interim Expenses Awarded include $5,566.28 of New Chrysler Expenses that are payable by New Chrysler.

**Old Carco LLC (f/k/a Chrysler LLC),** *et al.*
**Chapter 11 Case No. 09-50002 (AJG)**
**SECOND INTERIM PROFESSIONAL FEE PERIOD**
**All Fee Periods**

| APPLICANT | DATE AND DOCKET NO. | INTERIM/ HOLDBACK FEES SOUGHT | INTERIM FEES AWARDED | INTERIM FEE HOLDBACK (10%) | INTERIM FEES ALLOWED | INTERIM EXPENSES SOUGHT | INTERIM EXPENSES AWARDED |
|---|---|---|---|---|---|---|---|
| **JONES DAY** Counsel for Debtors and Debtors in Possession | 9/28/09 (D.I. 5663) | $20,474,318.50 (Interim Fees) | $20,260,656.00[1] | $2,019,587.73 | $18,241,068.27[2] | $990,916.31 | $990,916.31 |
| | 11/30/09 (D.I. 6033) | $2,019,587.73 (Holdback Fees) | n/a | $0 | $2,019,587.73 | n/a | n/a |
| | 1/28/10; 2/4/2010 (D.I. 6294; 6330) | $5,946,182.00 (Interim Fees) | $5,939,300.50[3] | $0 | $5,939,300.50 | $137,229.10 | $136,762.63[4] |
| **Total** | | $26,420,500.50 (Interim Fees) | $26,199,956.50 | $0 | $26,199,956.50[5] | $1,128,145.41 | $1,127,678.94[6] |

**DATE:  February 25, 2010**                                 **INITIALS: <u>AJG</u> CUSBJ**

---

[1]        Jones Day voluntarily agreed to defer consideration of $213,662.50 in fees incurred for services relating to the Governance Motion (as such term is defined in the First Interim Application of Jones Day, Counsel for the Debtors, for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred for the Period April 30, 2009 Through August 31, 2009 (Docket No. 5663).

[2]        Interim Fees Allowed include $64,778.75 in fees that represent New Chrysler's Share of the Enforcement Motion Fees (as such term is defined in the First Fee Application) and that were not subject to any holdback.

[3]        Jones Day voluntarily agreed to reduce the compensation sought during the period from September 1, 2009 through December 1, 2009 to $5,939,300.50.

[4]        Jones Day voluntarily agreed to reduce the expenses sought during the period from September 1, 2009 through December 1, 2009 to $136,762.63.

[5]        Interim Fees Allowed include $425,995.00 in New Chrysler Fees that are payable by New Chrysler for the period from April 30, 2009 through December 31, 2009.

[6]        Interim Expenses Awarded include $5,566.28 in New Chrysler Expenses that are payable by New Chrysler for the period from April 30, 2009 through December 31, 2009.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 11
                                                               :
Old Carco LLC                                                  :   Case No. 09-50002 (AJG)
(f/k/a Chrysler LLC), *et al*.,                                :
                                                               :   (Jointly Administered)
                                         Debtors.              :
                                                               :
---------------------------------------------------------------x

**ORDER APPROVING THIRD INTERIM AND FINAL APPLICATION OF
JONES DAY, COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION, FOR
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY
EXPENSES INCURRED FOR THE PERIOD APRIL 30, 2009 THROUGH APRIL 30, 2010**

Upon the Third Interim and Final Application of Jones Day, Counsel for Debtors

and Debtors in Possession, for Allowance of Compensation for Professional Services Rendered

and for Reimbursement of Actual and Necessary Expenses Incurred for the Period

April 30, 2009 through April 30, 2010 (Docket No. 7221) (the "Final Application"),[1] filed by

Jones Day; the U.S. Trustee having filed the Response of the United States Trustee Regarding

Third Interim and Final Applications for Compensation and Reimbursement of Expenses

(Docket No. 7324) (the "Response"); the Court having reviewed the Final Application and the

exhibits thereto (including the Certification of Jeffrey B. Ellman), the Prior Applications and

Monthly Statements incorporated therein, and the Response and having heard the statements of

counsel regarding the relief requested in the Final Application at a hearing before the Court

(the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334, Section VIII.A of the Plan and Paragraphs FF and 75 of the

---

[1]     Unless otherwise defined herein, all capitalized terms have the meanings given to them in the Final
Application.

Confirmation Order; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Final Application and the Hearing was made in accordance with the Plan and the Confirmation Order and was sufficient and proper under the circumstances; (d) the compensation requested in the Final Application is reasonable and for actual and necessary services rendered by Jones Day during the Third Interim Compensation Period and the Aggregate Compensation Period; (e) the expenses incurred during the Third Interim Compensation Period and the Aggregate Compensation Period for which reimbursement is sought in the Final Application are actual and necessary expenses; (f) the Final Application and notice thereof fully complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines, the Plan and the Confirmation Order and (g) cause exists for granting the relief requested in the Final Application;

IT IS HEREBY ORDERED THAT:

1.      The Final Application is GRANTED, and the Response is RESOLVED, as set forth herein.

2.      (a) Jones Day is awarded, on an interim and final basis, compensation for professional services rendered during the Third Interim Compensation Period in the amount of $7,247,542.50 and reimbursement for actual and necessary expenses incurred by Jones Day during the Third Interim Compensation Period in the amount of $156,976.87.

(b) With respect to the Third Interim Compensation Period, to the extent not previously paid, the First Lien Lender Fees in the amount of $1,048,552.45, the First Lien Lender Expenses in the amount of $15,188.01, the DIP Lender Fees in the amount of $5,849,713.80 and the DIP Lender Expenses in the amount of $136,142.44 shall be paid by the Liquidation Trust in accordance with the Plan and the Winddown Orders.

(c) With respect to the Third Interim Compensation Period, to the extent not previously paid, Jones Day is authorized to invoice, seek and obtain payment from New Chrysler of the New Chrysler Fees in the amount of $349,276.25 and the New Chrysler Expenses in the amount of $5,646.42.

3.    (a) Jones Day is awarded, on a final basis, compensation for professional services rendered during the Aggregate Compensation Period (which includes the Third Interim Compensation Period) in the amount of $33,576,347.56 and reimbursement for actual and necessary expenses incurred by Jones Day during the Aggregate Compensation Period in the amount of $1,283,343.36.

(b) With respect to the Aggregate Compensation Period, to the extent not previously paid, the First Lien Lender Fees in the amount of $1,914,851.97, the First Lien Lender Expenses in the amount of $21,085.07, the DIP Lender Fees in the amount of $30,885,007.47 and the DIP Lender Expenses in the amount of $1,251,016.62 shall be paid by the Liquidation Trust in accordance with the Plan and the Winddown Orders.

(c) With respect to the Aggregate Compensation Period, to the extent not previously paid, Jones Day is authorized to invoice, seek and obtain payment from New Chrysler of the New Chrysler Fees in the amount of $776,448.13 and the New Chrysler Expenses in the amount of $11,241.67.

4.    Jones Day is authorized to invoice and seek payment from the Liquidation Trust for the fees and actual and necessary expenses incurred in connection with the preparation of the Final Application.

5.     This Court shall retain jurisdiction to hear and determine all matters arising from, in connection with or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
       August 12, 2010

                                   **s/Arthur J. Gonzalez**
                                   CHIEF UNITED STATES BANKRUPTCY JUDGE

**ANNEX 1**

| Old Carco LLC (f/k/a Chrysler LLC), *et al*.<br>Chapter 11 Case No. 09-50002 (AJG)<br><br>**THIRD INTERIM AND FINAL PROFESSIONAL FEE PERIOD**<br>Fee Period:  January 1, 2010 Through April 30, 2010 | | | | | | |
|---|---|---|---|---|---|---|
| APPLICANT | DATE AND DOCKET NO. | INTERIM AND FINAL FEES SOUGHT | INTERIM AND FINAL FEES AWARDED | INTERIM AND FINAL FEES ALLOWED | INTERIM AND FINAL EXPENSES SOUGHT | INTERIM AND FINAL EXPENSES AWARDED |
| **JONES DAY**<br>Counsel for Debtors and Debtors in Possession | 6/29/2010<br>(Docket No. 7221) | $7,247,542.50 | $7,247,542.50[1] | $7,247,542.50 | $156,976.87 | $156,976.87[2] |

**DATE:  August 12, 2010**                                                                 **INITIALS:  AJG CUSBJ**

---

[1]     The "Interim and Final Fees Awarded" and the "Interim and Final Fees Allowed" include $349,276.25 of New Chrysler Fees that are payable by New Chrysler.

[2]     The "Interim and Final Expenses Awarded" include $5,646.42 of New Chrysler Expenses that are payable by New Chrysler.

**Old Carco LLC (f/k/a Chrysler LLC), et al.**
**Chapter 11 Case No. 09-50002 (AJG)**

**THIRD INTERIM AND FINAL PROFESSIONAL FEE PERIOD**
**All Fee Periods**

| APPLICANT | DATE AND DOCKET NO. | FEES SOUGHT | FEES AWARDED | INTERIM FEE HOLDBACK (10%) | FEES ALLOWED | EXPENSES SOUGHT | EXPENSES AWARDED |
|---|---|---|---|---|---|---|---|
| **JONES DAY** Counsel for Debtors and Debtors in Possession | 9/28/09 D.I. 5663 | $20,474,318.50 (Interim Fees) | $20,260,656.00[1] (Interim Fees) | $2,019,587.73 | $18,241,068.27 (Interim Fees less Interim Fee Holdback) | $990,916.31 (Interim Expenses) | $990,916.31 (Interim Expenses) |
| | 11/30/09 D.I. 6033 | $2,019,587.73 (Holdback Fees) | n/a | $0 | $2,019,587.73 (Holdback Fees) | n/a | n/a |
| | 1/28/10 D.I. 6294 | $5,946,182.00 (Interim Fees) | $5,939,300.50 (Interim Fees) | $0 | $5,939,300.50 (Interim Fees) | $137,229.10 (Interim Expenses) | $136,762.63 (Interim Expenses) |
| | 6/29/2010 D.I. 7221 | $7,247,542.50 (Interim and Final Fees) | $7,247,542.50 (Interim and Final Fees) | $0 | $7,247,542.50 (Interim and Final Fees) | $156,976.87 (Interim and Final Expenses) | $156,976.87 (Interim and Final Expenses) |
| **Total** | 6/29/2010 D.I. 7221 | $33,596,439.00[2] (Final Fees) | $33,576,347.56 (Final Fees) | $0 | $33,576,347.56 (Final Fees) | $1,283,343.36 (Final Expenses) | $1,283,343.36[3] (Final Expenses) |

DATE:  August 12, 2010                                  INITIALS:  AJG CUSBJ

---

[1]   Jones Day voluntarily agreed to defer consideration of $213,662.50 in fees (the "Deferred Amount") incurred for services relating to the Governance Motion (as such term is defined in the Final Application) until the Final Application.

[2]   The "Final Fees Awarded" and "Final Fees Allowed" include (a) $193,571.06 on account of the Deferred Amount that has been voluntarily reduced by Jones Day and (b) $776,488.13 in New Chrysler Fees that are payable by New Chrysler for the period from April 30, 2009 through April 30, 2010 and (c) certain voluntary fee and expense reductions implemented by Jones Day after the First Interim Fee Order and the Second Interim Fee Order were entered, as set forth in the Final Application.

[3]   The "Final Expenses Awarded" include $11,241.67 in New Chrysler Expenses that are payable by New Chrysler for the period from April 30, 2009 through April 30, 2010.