Stephen Pidgeon
Leo Donofrio
Pidgeon & Donofrio GP
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425)605-4774

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------x

| | |
|---|---|
| Old Carco Liquidation Trust, )<br>             Movant, )<br>    v.           )<br>Mauro Motors, Inc., et al, )<br>        Respondent. ) | ON REMAND FROM THE SECOND<br>CIRCUIT COURT OF APPEALS<br>No. 10-3933<br>Re: Appeal from BANKR.<br>Case No. 09-50002 (AJG)<br>(Jointly Administered) |

-------------------------------------------------x

| | |
|---|---|
| Island Jeep, Inc., *et al.*, )<br>       Appellants, )<br>    v.           )<br>Old Carco LLC, )<br>(f/k/a Chrysler LLC), *et al.*, )<br>       Appellees, ) | Case No. 1:10-cv-02493 (AKH)<br>(ECF Case)<br>MEMORANDUM OF LAW IN<br>RESPONSE AND OPPOSITION TO<br>MOTION FOR COMPENSATION |

-------------------------------------------------x

## <u>MEMORANDUM OF LAW</u>

COMES NOW, Pidgeon & Donofrio, GP, and responds in opposition to the Motion for

Compensation/Application by Old Carco Liquidation Trust ("Liquidation Trust") as follows:

**Overview.**

The Motion for Compensation/Application by the Liquidation Trust is procedurally

deficient, untimely, and insufficient pursuant to Local Civil Rule 7.1(a)(1).

The Motion for Compensation/application is a "claim" for attorneys' fees.  The "claim" is

untimely according to Rule 54(d)(2)(B)(i) of the Federal Rules of Civil Procedure (FRCP) which

issue a mandatory 14 day deadline.  The 2d Circuit's Order does not contain an extension to - or

– 1 –

waiver from - the Federal Rules of Civil Procedure.  Following the May 25, 2011 Order

awarding "damages" in the form of "reasonable attorneys' fees" under Rule 38 of the Federal

Rules of Appellate Procedure (FRAP), Old Carco Liquidation Trust (Liquidation Trust) had until

June 8, 2011 to submit a Motion to claim those attorneys' fees in the District Court.  Therefore,

the Motion currently before the District Court was 23 days late and should be dismissed with

prejudice.

FRCP 54(d)(2)(B)(iii) requires that *"the Motion must...state the amount sought or provide*

*a fair estimate of it.*"  The Liquidation Trust did not submit such a claim until July 1, 2011.

Since damages were awarded under FRAP 38, and were not imposed as sanctions for violating

any of the Federal Rules of Civil Procedure or as sanctions under 28 U.S.C. § 1927, FRCP

54(d)(2)(E) provides no relief from the 14-day deadline.  Therefore, the Motion is untimely by

23 (or 98) days and the deadline is fatal to their claim.

Not only did the Liquidation Trust fail to meet the mandatory 14-day deadline imposed

by FRCP 54(d)(2)(B)(i), it also failed to make a motion under FRCP 6(b) to extend the time.

The deadline has passed, and no application by the Liquidation Trust can satisfy the "excusable

neglect" standard of FRCP 6(b)(2).

Furthermore, neither the Motion for Damages filed by the Liquidation Trust on April 8,

2011, nor their re-filed Motion of May 2, 2011, satisfied the specific requirements of Rule

54(d)(2)(iii), that "*the Motion must state the amount sought or a fair estimate of it*".  Neither

document claimed a specific "amount sought" or "fair estimate" of attorneys' fees.

Additionally, both documents are defective according to Local Rule 27.1(b) of the 2d

Circuit Court of Appeals because neither document states opposing counsel's position on the

– 2 –

Motion, nor does either document state why the Movant failed to obtain that information as is required by 27.1(b).  Furthermore, the May 2nd Motion, at Footnote 1, states that the Motion was amended "*solely to update the caption*", and that "*the Liquidation Trust has not changed the content of the motion as filed in any respect*."  This statement is absolutely false and misleading.  Not only did the Liquidation Trust change the caption, it substantively altered the Motion as well.

According to Local Rule 27.1(a)(2), the T-1080 form "*must be the first page of the Motion*".  The April 8th Motion includes a T-1080 filed by the Liquidation Trust as the first page of the Motion.  But the T-1080 has been substantively altered in the May 2nd Motion.  This alteration gives the appearance that the Liquidation Trust had been in compliance with Local Rule 27.1(b) in the original April 8th filing.  Therefore, Footnote 1 of the May 2nd Motion contains a false and misleading statement which caused Pidgeon & Donofrio direct prejudice regarding our May 17, 2011 reply to the Liquidation Trust's original Motion for Damages.

Also, the billing records submitted by the Liquidation Trust's attorneys in support of the claim for attorneys' fees, as well as an email sent by Liquidation Trust attorney, Jeffrey Ellman, to Stephen Pidgeon on June 23, 2011, document multiple instances of ex parte communications between Movant's Counsel and "the Court."  (See Declaration of Stephen Pidgeon, accompanying this motion.)  The exact content, participants, jurisdictions, and subject matter of the ex parte communications are unknown to Pidgeon & Donofrio.  We were not included in those communications, and we have no way of sufficiently verifying the contents thereof.

Finally, the billing records submitted by the Liquidation Trust include improper charges for theories they did not prevail upon as well as for delays caused by their own professional

– 3 –

errors of practice.  For all of the foregoing reasons, we respectfully request that the Liquidation

Trust's Motion of July 1, 2011 be denied.

**1.   The Liquidation Trust's July 1, 2011 Motion For Compensation/Application Is Defective Pursuant To Local Civil Rule 7.1(a)(1).**

The Motion for Compensation/Application by the Liquidation Trust is procedurally

insufficient pursuant to Local Civil Rule 7.1(a)(1), which requires that all motions shall include a

notice of motion or an order to show cause.  The July 1st motion of the Liquidation Trust

contains neither.  While the papers submitted by the Liquidation Trust fail to mention that this is

a "MOTION for Compensation," the official District Court docket entry contains the proper

designation: "MOTION for Compensation/Application of Appellee Old Carco Liquidation Trust

to Establish the Amount of Damages Awarded Pursuant to Second Circuit Order." (See attached

Exhibit 5, Southern District of New York docket entry, dated July 1, 2011; Case No: 1-10-cv-

02493-AKH).

**2. The Liquidation Trust's Motions Are Defective According To FRCP 54(d)(2)(B).**

FRCP 54(d) states:

> (2) *Attorney's Fees.*
> (A) Claim to Be by Motion. A claim for attorney's fees and related nontaxable
> expenses must be made by motion unless the substantive law requires those fees
> to be proved at trial as an element of damages.
> (B) Timing and Contents of the Motion. Unless a statute or a court order
> provides otherwise, **the motion must:**
>    **(i) be filed no later than 14 days after the entry of judgment;**
>    (ii) specify the judgment and the statute, rule, or other grounds entitling the
> movant to the award;
>    **(iii) state the amount sought or provide a fair estimate of it...**  (Emphasis
> added.)

**a. The July 1, 2011 Motion Is Untimely According To FRCP 54(d)(2)(B)(i).**

– 4 –

The Liquidation Trust's July 1, 2011 Motion states a "claim" for attorneys' fees in the amount of $128,762.50. According to FRCP 54(2)(A), such a "claim" must be made by motion. Therefore, the July 1st Motion is 23 days late according to FRCP 54(d)(2)(B)(i). "As amended in 1993, Rule 54 provides that a party seeking an award of attorneys' fees generally must do so by motion 'filed and served no later than 14 days after entry of judgment.' Fed. R. Civ. P. 54(d)(2)(B) ('unless otherwise provided by statute or order of the court')." *Weyant v. Okst*, 198 F.3d 311, 314 (2d Cir. 1999).

In *Tancredi v. Metro. Life Ins. Co.,* 378 F.3d 220, 226 (2d Cir. 2004), the 2d Circuit held, "Rule 54(d)(2)(B) states that 'unless otherwise provided by statute or *order of the court*, [a] motion [for attorneys' fees] must be filed and served no later than 14 days after entry of judgment.' " The Court also noted that, "Many jurisdictions have local rules that preempt Rule 54 by allowing fee motions thirty or more days after entry of judgment. (The Southern District of New York has no such rule.)" *Id.* at 227. Hence, the 14 day deadline is mandatory.

In *Tancred*i, the 2d Circuit also considered the advisory notes to FRCP 54:

> "Congress's reasons for its 1993 addition to Rule 54(d)(2)(B) (the fourteen-day deadline) were three-fold: (1) to provide notice of the fee motion to the non-movant before the time to appeal expires; (2) to encourage a prompt ruling on fees to facilitate a consolidated appeal on both the merits and the attorneys' fee issue; and (3) to resolve fee disputes efficiently... Fed. R. Civ. P. 54 advisory committee's notes (1993); *see Weyant v. Okst*, 198 F.3d 311, 315 (2d Cir. 1999) (noting that the deadline was intended, in part, to minimize 'piecemeal appeals of merits and fee questions'). Allowing district judges to extend the deadline for filing a motion for attorneys' fees without any showing of 'excusable neglect' would impede these efficiency and fairness goals." *Tancredi*, at 227.

The Liquidation Trust were awarded damages under FRAP 38 in the form of reasonable attorneys' fees by the May 25, 2011 Order of the 2d Circuit. Therefore, according to FRCP

– 5 –

**PIDGEON & DONOFRIO GP**
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425)605-4774

54(d)(2)(B)(i), they had until June 8, 2011 to submit their Motion regarding the specific amount

of attorneys' fees they were demanding, with regard to the Second Circuit's May 25, 2011 Order.

They failed to file that Motion until July 1, 2011, 23 days late, and they made no application for

an extension prior to, or after, filing the July 1st motion.

In *Jericho Group, Ltd. v. Midtown Development, LP,* 2008 U.S. Dist. LEXIS 52706, at

*6-7 (S.D.N.Y. 2008), the District Court held that a remand order is a final decree triggering the

mandatory applicability of FRCP 54(d):

> "While an argument can be made that a remand order ought not be treated as the
> equivalent of a judgment for purposes of Rule 54(b)'s fourteen day rule, [1] the effect of *not*
> applying the rule is to subject a case to being reopened at any time -- even years later...
>
>> 1 As the Second Circuit noted in Bryant, 420 F.3d at 165 n.4, the word 'judgment'
>> as used in the Federal Rules 'includes a decree and...as the Third Circuit
>> recognized in Mints **the better argument is that a remand order is the
>> equivalent of a decree, because both a decree and a remand order are final
>> orders, which terminate a case**."  (Emphasis added.)

In *Cardona v. City of New York*, 2007 U.S. Dist. LEXIS 15978 (S.D.N.Y. 2007), the

Court discussed that compliance with FRCP 54(d) is mandatory:

> "Nothing about this delay was excusable. Counsel does not claim to have been
> incapacitated in a way that affected her ability to meet the deadlines; she does not even
> claim to have been busy. Instead, she appears to have simply ignored the deadline, and
> assumed that the Court would similarly ignore it when the motion was filed. In a case
> where the attorneys' fees sought are roughly ten times the value of the damages awarded,
> this is recklessness of the highest order. Plaintiff's argument implies that his counsel
> should be allowed  to ignore deadlines for the filing of motions, so long as opposing
> counsel is notified that the motion will be forthcoming. Deadlines would be meaningless,
> however, if counsel were allowed to neglect them... It is thus a well-established rule that
> 'failure to follow the clear dictates of a court rule will generally not constitute excusable
> neglect.' Canfield, 127 F.3d at 250.
>
> "Plaintiff protests that 'at no time . . . did defendant take the position that plaintiff had to
> move for an award of counsel fees and expenses within fourteen days of the judgment...'
> **The Federal Rules of Civil Procedure apply, however, whether defendant invokes**

– 6 –

**PIDGEON & DONOFRIO GP**
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425)605-4774

**them or not. In any event, it is not defendant's responsibility to advise plaintiff with respect to court deadlines...**In short, plaintiff's neglect of the deadline for filing the present motion was eminently inexcusable." *Cardona,* 2007 U.S. Dist. LEXIS 15978, at *8-9 (S.D.N.Y. 2007).  (Emphasis added.)

In *Sol Salins, Inc. v. W.M. Ercanbrack Co.*, 155 F.R.D. 4-5 (D.D.C. 1994), the Court

denied a motion for attorneys' fees due to the claimant having missed the 14-day deadline

imposed by 54(d), even though such fees were automatically available under a statute:

"While an award of attorney fees as well as costs are mandated by statute, the time for asserting such a claim is set by Federal Rule Civil Procedure 54(d)(2)(B) . . . Failure to comply with the rules prescribing time limits is deemed a waiver of a request for such costs. *Congregation of the Passion v. Touche, Ross & Co.,* 854 F.2d 219 (7th Cir. 1988). In the words of the tenth circuit, '[a] case cannot remain open for indeterminate or unspecified periods awaiting a party's action to request the assessment of costs nor for any other purpose. An adverse party must be able to assess his position. . . within the time limits prescribed by the rules of court, and be guided as to his future action accordingly.' *Woods Const. Co. v. Atlas Chemical Indus.,* 337 F.2d 888, 891 (10th Cir. 1964)."

**b.  The April 8, 2011 Motion Is Defective According To FRCP 54(d)(2)(B)(iii).  And The May 2, 2011 Re-filed Version Of The April 8th Motion Is Also Defective According To FRCP 54(d)(2)(B)(iii), As Well As Being Untimely According to FRCP 54(d)(2)(B)(i).**

Both the April 8, 2011 Motion - and the re-filed May 2, 2011 version of that same

Motion - fail to "*state the amount sought or provide a fair estimate of*" the attorneys' fees

requested as is required by FRCP 54(d)(2)(B)(iii).  Neither provides any indication as to the

actual amount being sought.  Both Motions state in the Movant's "Conclusion," at pgs. 3-4:

"For the foregoing reasons, the Liquidation Trust respectfully requests that the Court award it relief pursuant to Rule 38, in **an amount not less than the Liquidation Trust's actual attorneys' fees** and double its actual costs for this appeal, which the Liquidation Trust will demonstrate with affidavits and other supporting documentation if the relief requested herein is granted."  (Emphasis added.)

Simply requesting "attorneys' fees" does not satisfy the mandatory requirements of FRCP

54(d)(2)(B)(iii).  In *Cardona*, the District Court discussed the procedural importance attached to

– 7 –

PIDGEON & DONOFRIO GP
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425)605-4774

the requirement of FRCP 54(d)(2)(B)(iii):

> "In this case, however, plaintiff does not claim that defendant was aware of the *size* of the anticipated fee application...[A] responsible attorney needs to understand what is at stake, and plaintiff does not claim to have imparted that knowledge to defendant within the relevant timeframe...[The] defendant was entitled to... an accurate picture of the value of the case.... [This] opportunity to decide on the basis of full information is itself a valuable procedural right." *Cardona*, 2007 U.S. Dist. LEXIS 15978, at *5 (S.D.N.Y. 2007).

In *Cardona*, the Court emphasized the defendant's lack of awareness as to the "*size*" of the claim for attorneys' fees.

Indeed, Pidgeon & Donofrio were shocked by the size of the $128,762.50 claim which first came to our attention in the July 1, 2011 Motion.  We should have been apprised of the immense claim when the Motion for Damages was first filed on April 8, 2011. Had we been on notice of the incredible size of the claim, we would have taken different steps in defending against it, perhaps even hiring outside counsel to represent us.  Therefore, we are directly prejudiced, and such prejudice runs counter to the spirit of FRCP 54 as well as the Advisory Notes thereto.  The Advisory Notes to FRCP 54 state:

> "The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case. What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, and the amount of such fees (or a fair estimate)." *Fed.R.Civ.P. 54* Advisory Comm. Notes (1993).

In *Diaz v. Paragon Motors of Woodside, Inc*., 2008 U.S. Dist. LEXIS 37440, at *10-11 (E.D.N.Y. 2008), the plaintiff was two days late filing for attorneys' fees under FRCP 54(d)(2)(B)(i).  In that case, the Court found that the error was due to excusable neglect, but in doing so, the Court distinguished other cases which held strict adherence to FRCP 54(d) by stressing that the claimant there had satisfied the "spirit of Rule 54's procedural requirements"

– 8 –

since he had provided a "fair estimate of the amount of fees sought":

> "The question 'is whether the . . . notice satisfies the letter and spirit of Rule 54's procedural requirements.' *Worthington v. Elmore County Bd. of Educ.,* 2006 U.S. Dist. LEXIS 21788, 2006 WL 1008861, at *4 (M.D.Ala. Apr. 17, 2006)...The *Worthington* court determined that the notice did not satisfy the letter and spirit of Rule 54 because it did not contain a fair estimate of the amount of attorneys' fees sought by the County Board.  By contrast, in this matter, though entitled a Notice of Motion, **plaintiff's notice did include a 'fair estimate' of the amount of fees sought**... *see also 44 Liquormart, Inc. v. State of R.I.,* 940 F. Supp. 437, 443 (D.R.I. 1996) ('plaintiffs could have complied with Rule 54 merely by filing a simple document informing the court and defendant that they were seeking attorneys' fees... and a 'fair estimate' of the amount of these fees.')" (Emphasis added.)

In *Liquormart*, the Court also took notice of the Rule 54 Advisory Notes, and made the following point in justifying its denial of attorneys' fees:

> "In rendering this decision I do not believe that I am engaging in unnecessarily rigid adherence to a merely formalistic court rule. Rather, I have made this decision after carefully balancing the burdens imposed by Rule 54's time limits, the policies that Congress has sought to encourage by promulgating Rule 54, as well as plaintiffs' reason for the delay in filing." *Id.* at 442.

In a case similar to the one at bar, where the claimant had previously petitioned for, and been awarded, attorneys' fees of an undetermined amount, and the Court's award order failed to specify a date for submission of a fee petition, the Northern District of Illinois, Eastern Division, denied the claim due to petitioner's failure to meet the 14-day deadline of FRCP 54 (d) (which had been incorporated via local rule):

> "Plaintiffs contend that they satisfied Rule 54(d)(2) and Local Rule 46 because they requested and were awarded an undetermined amount of fees prior to the entry of judgment. However, a request for fees does not satisfy either Rule 54(d)(2)(B) or Local Rule 46 unless the request also sets forth the amount requested. This is not a mere technical requirement. The Rule 54(d)(2) amendments were intended to provide the opposing side with information regarding the amount of fees that would be requested... The amendments were also intended to provide for prompt resolution of fee disputes. *See* Advisory Committee Notes to 1993 Amendments to Rule 54; *Uberti v. Board of Education of Burrough of Clementon School District,* 1995 WL 428635 *2 (D.N.J. July

– 9 –

**PIDGEON & DONOFRIO GP**
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425)605-4774

17, 1995); *Avitia v. Metropolitan Club of Chicago, Inc.,* 156 F.R.D. 654, 656 (N.D. Ill. 1994).  To satisfy both Rule 54(d)(2)(B) and Local Rule 46, in addition to requesting fees, the party must indicate (or at least estimate) the amount of fees being claimed. Plaintiffs' prejudgment request for fees did not request any specific amount. The order awarding fees did not specify a date for submission of a fee petition. Therefore, the 14-day time period set forth in Rule 54(d)(2)(B) and incorporated into Local Rule 46 applied. Failure to comply with this time limitation waived the parties' claim for fees. *Sol Salins, Inc. v. W.M. Ercanbrack Co.,* 155 F.R.D. 4, 5 (D.D.C. 1994); *Pierce v. Philadelphia Housing Authority,* 1995 WL 625629 *1 (E.D. Pa. Oct. 25, 1995)." *Fila v. Lin Chong*, 1996 U.S. Dist. LEXIS 359, at *4-6 (N.D. Ill., E.D. 1996).

Since neither the April 8th, nor the May 2nd, Motions contain any reference to an amount sought or fair estimate thereof, the July 1, 2011 Motion is the first and only Motion to comply with 54(d)(2)(B)(iii), and it is, at best, 23 days late by the 14-day deadline running from the 2d Circuit's Order of May 25, 2011 awarding damages under FRAP 38.  However, if the 14-day deadline began running from March 25, 2011, when the 2d Circuit decided the underlying merits of the appeal, the July 1st Motion is actually 98 days late.[1]

Therefore, we respectfully request that the Motion for attorneys' fees in the amount of $128,762.50 be denied due to the Liquidation Trust's failure to meet the strict requirements of FRCP 54(d).

## 3.  The District Court Has The Power To Deny The July 1, 2011 Motion With Prejudice.

When a lower court "on remand" is charged with executing the order of an upper court,

---

[1] While there was an intervening Amended Order filed by the 2d Circuit on April 22, 2011, only the caption was changed. The Order was otherwise identical to the original Order of March 25, 2011. "*Thus, the mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought.  [n. 9]  Only when the lower court changes matters of substance [n. 10] or resolves a genuine ambiguity [n. 11] in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew.*"  FTC V. MINNEAPOLIS-HONEYWELL REGULATOR CO., 344 U. S. 206, 211-212 (1952).

PIDGEON & DONOFRIO GP
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425)605-4774

the inferior court may not vary from any issues disposed of directly by the upper court's order, but the lower court is free "*to consider and decide any matters left open by the mandate of*" the upper court.  *QUERN V. JORDAN*, 440 U. S. 332, 347 (1979)  (Citing *IN RE SANFORD FORK & TOOL CO*., 160 U. S. 247, 255-256 (1895), Accord, *Wells Fargo & Co. v. Taylor,* 254 U. S. 175 (1920)).

The US Supreme Court has even held that, "*The interest in having rules of procedure obeyed, by contrast, does not disappear upon a subsequent determination that the court was without subject-matter jurisdiction*."  *WILLY v. COASTAL CORP. ET AL,* 503 U.S. 131, 139 (1992).  In *Willy*, the U.S. Supreme Court also held that Rule 1 of the Federal Rules of Civil Procedure governs their scope; "*It provides that '[t]hese rules govern the procedure in the United States district courts in all suits of a civil nature ....'* "  *Id*. at 134.

In this case, the 2d Circuit didn't grant a waiver to the Liquidation Trust regarding deadlines imposed by the Federal Rules of Civil Procedure.  Moreover, the May 25th Order provides no scheduling guidance at all.  Additionally, FRAP 38 affords no extension to, or waiver from, direct compliance with FRCP 54(d).  Therefore, we respectfully submit that the Federal Rules of Civil Procedure control the filing requirements for the July 1st Motion, and that the District Court has the power to enforce FRCP 54(d) to deny with prejudice the Liquidation Trust's claim for attorneys' fees.

**4.  FRCP 54(d)(2)(E) Does Not Provide A Waiver From The Requirements Of FRCP 54(d)(2)(B) Since The Award Of Reasonable Attorneys' Fees Was Not Imposed As Sanctions For Violating The Federal Rules Of Civil Procedure Or As Sanctions Under 28 U.S.C. § 1927.**

FRCP 54(d)(2)(E) provides:

– 11 –

**PIDGEON & DONOFRIO GP**
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425)605-4774

"(E) Exceptions. Subparagraphs (A)-(D) do not apply to claims for fees and expenses as sanctions for violating these rules or as sanctions under 28 U.S.C. § 1927."

The Liquidation Trust was awarded "damages" under Federal Rule of *Appellate* Procedure 38, whereas Federal Rule of *Civil* Procedure 54(d)(2)(E) only applies to "sanctions" imposed for violating the Federal Rules of Civil Procedure (and 28 U.S.C. § 1927).  In *Latin America Finance Group, Inc. v. Pareja*, 2007 U.S. Dist. Lexis 24550, at *2 (S.D.N.Y. April 7, 2007) (summary order), the District Court noted that 54(d)(2)(E) provides "...*an exception for motions only insofar as they were premised on violations of the Federal Rules of Civil Procedure and Section 1927*."  "Rule 54(d)(2)(E) explicitly carves out an exemption from the timeliness requirement for sanctions imposed under Section 1927...*see also Baker v. Urban Outfitters, Inc*., 249 F. App'x 845, 846 n.3 (2d Cir. 2007) (summary order) ('To the extent fees were ordered against counsel pursuant to 28 U.S.C. § 1927 or Fed.R.Civ.P. 11, no timeliness concerns arise.')" *Prospect Capital Corp. v. Enmon*, 2010 U.S. Dist. Lexis 23477, at *26-27 (S.D.N.Y. 2010).

FRAP 38 provides:

> "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."

FRAP 38 does not include the word "sanctions", only "damages".  In *Beam v. Bauer*, 383 F.3d 106-108 (3rd Circ. 2004); 2004 U.S. App. LEXIS 18998, at *4-5, the Court stressed that damages under FRAP 38 are not sanctions or punishment:

> "Although often mistakenly referred to as both, an award under Rule 38 is neither a sanction nor a punishment... Nor is appellant's intent a consideration. Appellant is like any other tortfeasor...it is the merit of her argument on appeal that determines whether she carries the day. It is not a punitive provision."

And in *Prosser v. Prosser*, 186 F.3d 403 (3rd Circ. 1999); 1999 U.S. App. LEXIS 17937,

– 12 –

**PIDGEON & DONOFRIO GP**
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425)605-4774

the Court stated:

> "Rule 38 is even more clear. It does not provide for sanctions at all. It allows one who has suffered financial detriment from having to defend a legitimate judgment against a frivolous appeal, to recover fees and costs as "damages." Moreover, the text of Rule 38 itself limits the award of damages to the financially injured party, not the court."

Therefore, we respectfully submit that FRCP(d)(2)(E) provides no waiver from the

mandatory filing requirements of FRCP 54(d).

**5. The Liquidation Trust's Motions Of April 8, 2011, And May 2, 2011 Were Defective According To Second Circuit Local Rule 27.1. The May 2nd Motion Contains A False Statement Which Was Misleading And Extremely Prejudicial To Pidgeon & Donofrio, And There Were Multiple Ex Parte Communications Between Liquidation Trust Attorney Jeffrey Ellman And "the Court."**

2d Circuit Local Rule 27.1(a)(2) states:

> "(2) Motion Information Statement. The first page of the motion must be this court's Form T-1080 Motion Information Statement."

Rule 27.1(b) states:

> "(b) Notification; Disclosure of Opponent's Position. In a case in which all parties are represented by counsel, a motion must state: (1) that the movant has notified opposing counsel, or why the movant was unable to do so; (2) opposing counsel's position on the relief requested; and (3) whether opposing counsel intends to file a response to the motion."

The two provisions cited above, when read together, establish that the T-1080 is a

substantive part of all Motions filed in the 2d Circuit. Furthermore, failure to comply with the

provisions of Local Rule 27.1 makes an attorney liable for sanctions under 27.1(h):

> "(h) Sanctions. The court may, after affording the party notice and an opportunity to be heard, impose sanctions against a party that fails to comply with this rule."

**a. The Liquidation Trust Failed To Comply With Second Circuit Local Rule 27.1(b).**

The T-1080 contains a section which inquires, "Has movant notified opposing counsel

– 13 –

(required by Local Rule 27.1)".  A "yes" and "no" check box are below the question and to the right of the boxes are a few short lines provided to answer with written words.  On the T-1080 for the April 8, 2011 Motion, Liquidation Trust attorney, Corinne Ball, failed to check either box.  (See Exhibit 2, April 8, 2011 Motion of Liquidation Trust.)  In the space provided, she wrote, "Attempted".  But simply attempting to contact opposing counsel does not satisfy the demands of 27.1(b), which require an explanation as to why Movant wasn't able to contact opposing counsel.

Not checking either the "yes" or "no" box is also willfully evasive.  Pidgeon & Donofrio were not contacted by Attorney Ball regarding the April 8, 2011 Motion.  Furthermore, a review of the voluminous billing records submitted by the Liquidation Trust's attorneys does not indicate that Attorney Ball ever attempted to notify Pidgeon & Donofrio.  Why she couldn't reach us is incomprehensible.  Our phone number, email and fax number are published on the internet. And our email addresses were included in every filing docketed in the 2d Circuit, right next to her own.  Moreover, Liquidation Trust attorney, Jeffrey Ellman, has spoken to Stephen Pidgeon numerous times on the phone and has exchanged multiple emails with him as well.  (See Dec. of Stephen Pidgeon).  There is absolutely no reason why Attorney Ball could not have complied with Local Rule 27.1.  Her failure to do so is inexcusable.

An "Attempt" to contact - and we have seen absolutely no evidence of one - does not explain why the alleged attempt failed, which is required by 27.1(b).  So, the April 8, 2011 Motion was defective under Local Rule 27.1(b), and Attorney Ball was therefore subject to possible sanctions under provision of 27.1(h).  And such sanctions are warranted here, since the this provided another chance for the Liquidation Trust to have notified Pidgeon & Donofrio

– 14 –

regarding the size of the claim being requested.  Regardless, the Liquidation Trust's attorneys continuously, and willfully, avoided putting us on notice of the immense pending claim in the amount of $128,762.50.

**b.  Prejudicial Ex Parte Communication Between Liquidation Trust Attorney, Jeffrey Ellman, And "the Court" Occurred Between April 21, 2011 And April 25, 2011.**

The billing records submitted by the Liquidation Trust's attorneys contain four references to unexplained ex parte communication:

On April 21, 2011, Attorney Ellman billed as follows:

> "04/21/11 J B ELLMAN   0.50   400.00
> Communicate with Siegel (2d Cir) regarding motion for costs and next steps; communicate with Orr, Berlin, Villar regarding same; review new docket entries." (See Liquidation Trust's July 1, 2011 Motion for Compensation, Schedule 2 at pg. 9.)

We assume that the "Siegel" mentioned is "Yana Segal", Deputy Clerk of the 2d Circuit. But since we weren't included in this communication or notified of the details thereof, we can't be sure. This billing record mentions that Attorney Ellman's ex parte communication pertained to the "motion for costs and next steps".  We have no idea what "next steps" refers to, or why the Motion was discussed.

On April 22, 2011 the 2d Circuit issued its Amended Order which changed only the caption of the case (and nothing else) from the original March 25, 2011 Order.

- On April 25, 2011, Attorney BJ Berlin billed as follows:

> "04/25/11 B J BERLIN 0.50 300.00
> Review and analysis of certain dealers' response to damages motion in Rule 60 appeal; communicate with Ellman regarding same and Court's request for refiling of damages motion."  (See the Liquidation Trust's July 1, 2011 Motion for Compensation, Schedule 2 at pg. 9.)

– 15 –

PIDGEON & DONOFRIO GP
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425)605-4774

- On April 25, 2011 Attorney Ellman billed as follows:

> "04/25/11 J B ELLMAN 0.75 600.00
> Communicate with Blatt regarding costs issue; communicate with 2d Circuit re
> request to refile; review Blatt opposition to costs motion; communicate with
> Berlin and Orr regarding same." (See the Liquidation Trust's July 1, 2011 Motion
> for Compensation, Schedule 2 at pg. 9.)

- On April 26, 2011 Attorney BJ Berlin billed as follows:

> "04/26/11 B J BERLIN 0.25 150.00
> Coordinate and communicate with Orr, Ellman, Villar regarding refiling Rule 38
> motion and bill of costs for Rule 60 appeal." (See the Liquidation Trust's July 1,
> 2011 Motion for Compensation, Schedule 2 at pg. 9.)

The April 25, 2011 billing record for BJ Berlin indicates that the Court issued a "request"

for the Liquidation Trust to re-file its damages motion.  Such a request indicates that the April

8th filing was defective.

Having only received notice of the $128,762.50 claim and billing records thereto, for the

first time on July 1, 2011, (a full 98 days after the Second Circuit's Order denying the underlying

appeal), Pidgeon & Donofrio intensely scrutinized the rest of the papers filed by the Liquidation

Trust.  That investigation led us to discover that the April 8th, and May 2nd Motions were

defective according to Local Rule 27.1.  Therefore, we suspect that the ex parte communication

between Jones Day and "the Court" may have concerned the defective Motions to the detriment

and extreme prejudice of Pidgeon & Donofrio.

We do not understand why such a request by "the Court" was done ex parte, and not

placed through the ECF system.  It does not make sense to us that this request by "the Court"

only pertained to the caption.  There have been numerous instances of defective caption filings in

this case, and in each instance - that we are aware of - a "Defective Document" notice was issued

– 16 –

to all parties by the 2d Circuit via the ECF system. (See, for example, attached, Exhibit 4,

Defective Filing Notice issued to Donofrio & Pidgeon GP by the 2d Circuit Clerk's Office on

Nov. 29, 2010).  Please also note that the total billing records which contain references to the

aforementioned ex parte communication total $1450.

There is no proper reason why Pidgeon & Donofrio shouldn't have received notice of,

and been included in, the Court's request for the Liquidation Trust to re-file their April 8th

motion.  That is extremely improper and prejudicial under any circumstances, but with a

potential claim pending of $128,762.50 against us, Jones Day should be sanctioned based upon

their failure to inform Pidgeon & Donofrio of the nature of the Court's ex parte request that they

re-file their Motion.  (Simply changing a caption cannot possibly justify a $1450 charge for

attorneys' fees.)  We were left in the dark concerning this improper and highly unethical, and

possibly even criminal, behavior.

### c. Liquidation Trust Attorney, Corinne Ball, Entered A Willfully False Statement Into The May 2, 2011 Motion Which Was Highly Prejudicial To Pidgeon & Donofrio.

On May 2, 2011, Attorney Ball re-filed the April 8th Motion, stating in Footnote 1:

> "The Liquidation Trust has filed this amended form of motion solely to update the
> caption of the motion to the current official caption of this case following the
> withdrawal of certain former Appellants (see Docket No. 100). Other than this
> footnote, the updated caption and the indication in the title that the motion is
> "amended," the Liquidation Trust has not changed the content of the motion as
> originally filed in any respect."

But that is a willfully false and misleading statement.  Not only was the *caption* changed,

the T-1080 was *substantively* changed.  On the May 2nd T-1080, Attorney Ball checked the

"No" box rather than leaving the boxes blank (as she did in the April 8th Motion), and instead of

"Attempted" (which was her response in the April 8th Motion), she changed her answer to,

– 17 –

"Previously filed motion being refiled merely to update caption."  (See Exhibit 3.) But this, in itself, is a substantive change to the Motion.  It gives the appearance that the previous Motion complied with Local Rule 27.1, *which is not true*.  And the May 2nd motion does nothing to cure the defect of non-compliance as to the April 8th Motion.  Therefore, both the April 8th and May 2nd motions are defective, due to the defects of both T-1080s.  And Attorney Ball remains subject to possible sanctions under 2d Circuit Local Rule 27.1(h), as well as subject to any other sanctions which may apply, be they monetary, or penal.

Pidgeon & Donofrio have no way of knowing whether the ex parte communications between April 21st and April 25th concerned the failure of Attorney Ball to comply with Local Rule 27.1, or any other Court rule.  This is a textbook example of why ex parte communications are illegal, unethical and unfair.  We had no chance to respond, object, or be heard in any way with regard to the documented ex parte communication.  And as such, we were severely prejudiced.

**d.  Liquidation Trust Attorney, Jeffrey Ellman, Indicated That There Had Been Ex Parte Communication Between The Liquidation Trust And "the Court" On Or About June 8, 2011, After The Case Had Been Remanded To The District Court.**

On June 8, 2011, Liquidation Trust attorney, Jeffrey Ellman, called Stephen Pidgeon to request that Pidgeon & Donofrio sign a stipulation agreeing to a scheduling order which Attorney Ellman indicated had been requested by "the Court".  (See Dec. of Stephen Pidgeon, at ¶ 1.)  (Unbeknownst to Pidgeon & Donofrio, June 8, 2011 was the last day of the 14-day deadline according to FRCP 54(d)(2)(B) for the Liquidation Trust to file a motion claiming a *specified amount* of attorneys' fees.)  Attorney Ellman did not say which Court, the 2d Circuit, or the District Court, allegedly requested a scheduling agreement.  On June 12, 2011 Stephen

– 18 –

Pidgeon received an email from Attorney Ellman containing a proposed stipulation regarding a schedule for filing of their Motion and our reply, which stated, "Here is the stipulation we discussed." (See Dec. of Stephen Pidgeon, at ¶ 2, and Exhibit 7.) However, the timing of this proposed stipulation is very troubling.

According to FRCP 54(d)(2)(B), the Liquidation Trust had until June 8, 2011 to file their claim for a specified amount of attorneys' fees. By June 12th, that Motion was already untimely by four days. If Attorney Ellman was aware of the June 8th deadline, his attempt to have Pidgeon & Donofrio waive the protection of the 14-day filing requirement imposed by FRCP 54(d)(2)(B)(i) is completely unethical and deceitful. That Ellman implicated "the Court" is even more troubling. We cannot imagine why the District Court would be requesting the Liquidation Trust to prepare a scheduling order when the 2d Circuit failed to include any such requirement in its May 25, 2011 Order awarding damages in the form of reasonable attorneys' fees, especially in light of issues concerning the FRCP 54(d) 14-day deadline.

Attorney Ellman followed up with an email on June 14, 2011, which stated, "If this is acceptable, please sign and email back to me." (See Dec. of Stephen Pidgeon, ¶ 3, and Ex. 7.) Attorney Ellman followed up again on June 20 with another email, which stated, "Following up again. Can we get this signed and submitted?" (See Dec. of Stephen Pidgeon, ¶ 3, and Ex. 7.) Attorney Ellman followed up once more with another email on June 21, 2011, which stated, "Following up one more time. Have you had an opportunity to review?" (See Dec. of Stephen Pidgeon, ¶ 3, and Ex. 7.)

By this time, Pidgeon & Donofrio had become very troubled by Attorney Ellman's letters, and his original allegation of ex parte communication between himself and "the Court".

– 19 –

Therefore, Pidgeon & Donofrio sought clarification in writing from Attorney Ellman concerning whether the Court had truly engaged in ex parte communication with him to request a stipulation regarding a proposed scheduling order.

On June 23, 2011, Stephen Pidgeon sent an email to Attorney Ellman, stating, "Was there an instruction from the court to create a schedule?"  (See Dec. of Stephen Pidgeon, ¶ 3, and Ex. 7.) Attorney Ellman replied on June 23rd as follows:

> "Yes. My understanding is that the Court asked us to work out a scheduling order with opposing counsel.  So we came up with what we thought was an appropriate schedule, and I called you and sent the proposed stipulation.  I think it is a fair schedule.  If you agree, you can sign the stipulation and we can get this filed."  (See Dec. of Stephen Pidgeon, ¶ 3, and Ex. 7.)

Attorney Ellman never told Pidgeon & Donofrio which "Court" allegedly requested a scheduling order.  Attorney Ellman also never disclosed the amount being requested in the pending Motion, or an estimate thereof.  Therefore, improper and highly prejudicial ex parte communication might have caused Pidgeon & Donofrio to waive the protection of FRCP 54(d), and if Attorney Ellman was aware of that deadline, his behavior is not only willfully deceitful, it is deserving of severe sanctions considering that $128,762.50 was at stake.  On May 25, 2011, the Motion had been remanded to the District Court, so we assume Attorney Ellman's June 8th phone call, and June 23rd email, referred to the District Court.  However, since we were not party to that communication, nor were we given any official information pertaining to it, we do not know the contents, participants, jurisdiction, or subject matter of the alleged ex parte communication.  And we respectfully urge that such contact calls for, at the very least, a thorough explanation, and/or investigation by the District Court.  And, we respectfully request that the District Court give Pidgeon & Donofrio official notice of the ex parte communication, if

– 20 –

it did, in fact, occur, as well as, the exact contents thereof.  We also draw the Court's attention to the fact that nowhere in the billing records submitted by the Liquidation Trust is there any record of a conversation with "the Court" pertaining to a request by "the Court" for a stipulation regarding a proposed scheduling order on or about June 8, 2011.  Whereas, the April 21-25, 2011 ex parte communications are documented in the billing records submitted by Jones Day.

**6.  The Liquidation Trust's Failure To File A Timely Motion For Attorneys' Fees Pursuant To The Requirements of FRCP 54(d) Was Not Due To Excusable Neglect.**

FRCP 6(b)(1)(B), provides:

> "When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>> (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

Since the Liquidation Trust has never made a Rule 6(b) extension request, there is no request pending, but we anticipate such a request:

> "To determine whether a party's neglect is excusable, a district court should take into account: '[1] the danger of prejudice to the [opposing party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was in the reasonable control of the movant, and [4] whether the movant acted in good faith.' *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993)."  *Tancredi v. Metro. Life Ins. Co.,* 378 F.3d 220, 228 (2d Cir. 2004).

When Attorney Ellman forwarded the proposed stipulation on June 12, 2011, the Liquidation Trust was already four days past the 14-day deadline imposed by FRCP 54(d)(2)(B). Therefore, either Attorney Ellman was unaware of the requirements of FRCP 54(d) - and therefore the Liquidation Trust cannot establish excusable neglect based upon Counsel's ignorance of the law - or, in the alternative, Attorney Ellman was aware of FRCP 54(d), and he knew that their Motion for a specific amount of attorneys' fees was facing denial with prejudice.

– 21 –

If the latter is true, Attorney Ellman's attempt to have us sign a stipulation relieving him of the burden of FRCP 54(d) was an intentional act of deceit.  Either way, excusable neglect is not possible under these facts.

In *Canfield v. Van Atta Buick/ GMC Truck, Inc*., 127 F.3d 248, at 250-251 (2d Circ. 1997), the Court stated:

> [F]ailure to follow the clear dictates of a court rule will generally not constitute...excusable neglect. We are not alone in that view. *See, e.g.*, *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir. 1994) (holding that, where counsel failed to offer a persuasive justification for failing to comply with Fed. R. Civ. P. 6(e) and local court rules, there was "no basis for deviating from the general rule that a mistake of law does not constitute excusable neglect").

Furthermore, in *Mahmud v. Kauffman*, 2010 U.S. Dist. LEXIS 51075, at *12-13 (S.D.N.Y. 2010), U.S. Magistrate Judge James L. Cott, held:

> "Defendants have noted that they unsuccessfully attempted to communicate with plaintiff's counsel to resolve the issue of costs and fees outside of court. Such a strategy 'did not relieve [defendants] of [their] obligation to comply with clear procedural rules, and does not constitute a valid explanation for [their] neglect.' Marchisotto, 2009 U.S. Dist. LEXIS 64662, 2009 WL 2229695, at *5. Courts have repeatedly found that '[a]n attorney's failure to follow clear and unambiguous procedural rules does not usually constitute excusable neglect.' Latin Am. Fin. Group, Inc. v. Pareja, No. 04 Civ. 10082 (DLC), 2007 U.S. Dist. LEXIS 24550, 2007 WL 1009506, at *1 (S.D.N.Y. Apr. 2, 2007) (citing In re Lynch, 430 F.3d 600, 603-04 (2d Cir. 2005)); Fire & Cas. Ins. Co. of Conn., v. 2207 7th Ave. Rest. Corp., No. 03 Civ. 4739 (HB), 2005 U.S. Dist. LEXIS 22997, 2005 WL 2482548, at *1 n.1 (S.D.N.Y. Oct. 6, 2005) ('communications with opposing counsel . . . [do not] toll FRCP 54(d)(2)(B)'s deadline'); Cardona, 2007 U.S. Dist. LEXIS 15978, 2007 WL 690126, at *2 (contact with adversary about attorney's fees does not excuse delay or toll statutory time limitations). Moreover, '[g]iven the normal presumption against the shifting of attorneys' fees, as well as the strong interest in the finality of judgments, the mandatory 14-day limit for seeking attorneys' fees should not be lightly disturbed,' Slader v. Pearle Vision Inc., 199 F.R.D. 125, 126 (S.D.N.Y. 2001)."

Every case revealed by our research which allowed a late filing despite the 14-day deadline of FRCP 54(d) having elapsed, also included a finding of excusable neglect.  *Lijoi v.*

– 22 –

**PIDGEON & DONOFRIO GP**
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425)605-4774

*Continental Casualty Co*, 2007 U.S. Dist. LEXIS 101361 (E.D.N.Y. 2007) was no different.  The Court ruled that there was excusable neglect.  But in that case, the Court also considered that the plaintiff had already received an award for an unspecified amount of attorneys' fees.  However, in contrast to the case at bar, the Court in *Lijoi* placed great weight upon the fact that the unspecified amount of attorneys' fees had been awarded, *sua sponte*, and therefore the Court was of the opinion that the plaintiff was never *required* to make a motion pursuant to FRCP 54.  The Liquidation Trust's award can be distinguished since the 2d Circuit did *not* order an award of attorneys' fees, *sua sponte*, and the Liquidation Trust was, therefore, required to make a claim under FRCP 54 by way of motion.  The two cases are also distinguished since the Liquidation Trust cannot make a showing of excusable neglect, whereas the claimant in *Lijoi* did.

Based upon all of the foregoing, we respectfully request that the Liquidation Trust does not meet the excusable neglect standard required by FRCP 6(b)(1)(B), and that the Motion for Compensation be denied.

**7.  The Billing Records Submitted By The Liquidation Trust's Attorneys Contain Multiple Charges For Work Done On Theories They Did Not Prevail Upon, As Well As Improper Charges Concerning Ex Parte Communications And Defective Filings.**

In their Motion of April 8, 2011 (re-filed on May 2, 2011), the Liquidation Trust requested that the Court order sanctions under 28 U.S.C. § 1927.  However, the 2d Circuit did not abide their request to invoke 28 U.S.C. § 1927.  Instead, the Court awarded *damages* under Federal Rule of Appellate Procedure 38, not *sanctions*.  But Jones Day still made the following improper claim for attorneys' fees with regard to their work concerning Title 28 regardless:

> "04/05/11 K D ORR 1.00 775.00
> Review of Rule 38 motion; analysis of Title 28 sanctions rule."

– 23 –

In *Cardona*, the District Court stated:

"Although it may seem harsh to deny this application on the basis of a procedural deadline, it is worth noting that the merits of plaintiff's application are open to serious question. It appears, for example, that some of the work for which plaintiff's counsel seeks reimbursement pertained to the claim rejected by the jury... and some time entries clearly relate to the unsuccessful claims. **The Court should not be required to pick through an insufficient submission guessing at what charges may properly be the subject of a fee award.**" *Cardona*, 2007 U.S. Dist. LEXIS 15978, at *9 (S.D.N.Y. 2007). (Emphasis added.)

Furthermore, as we have pointed out above, activity regarding the April 21-25, 2011 ex parte communications were charged improperly in the current fee petition. Additionally, the following billing records were charged at $700, and attorneys' fees thereto have also been requested pertaining to the improperly proposed stipulation/scheduling order:

- 06/08/11 B J BERLIN 0.25 150.00
Communicate with Ellman regarding scheduling & agreed scheduling order for Rule 60 appeal fee award briefing.
- 06/10/11 J B ELLMAN 0.25 200.00
Review and revise stipulation to establish briefing schedule for costs issue.
- 06/12/11 J B ELLMAN 0.25 200.00
Draft correspondence to Pidgeon re scheduling order in fee award matter.
- 06/14/11 J B ELLMAN 0.25 200.00
Communicate with Pidgeon re scheduling stipulation.

None of these charges are fair or proper.  The inclusion of them in the fee petition exhibits a wanton disregard for any semblance of fairplay.

That the Liquidation Trust claimed our appeal was frivolous while they simultaneously allege that the appeal was so complex as to generate a bill of $128,762.50 is unconscionable.

(See Liquidation Trust's July 1, 2011 Motion at ¶16).

Furthermore, in paragraph 17 of the July 1st Motion, Attorney Ball states:

"In addition, in making their arguments to the Second Circuit, the Appellants did not merely restate their earlier briefing in this Court or the court below. Rather, they made

– 24 –

material adjustments to various points, requiring Jones Day to do the same in response. Id. at 16. Thus, briefing in the Second Circuit required Jones Day to prepare a new brief, not merely use the same briefs as had been used in this Court and in the Bankruptcy Court." *Id.*

This is another misleading statement by Attorney Ball.  First, in our appeal to the 2d Circuit, we dropped every other issue which was before the District Court on appeal from the Bankruptcy Court, other than our fraud on the court argument.  So, rather than increasing the issues of the 2d Circuit appeal, Pidgeon & Donofrio significantly reduced the issues before the Court.  Furthermore, our theory of the case, legal citations, and arguments pertaining to the fraud on the court issue were virtually identical in the 2d Circuit as they were in the District Court. Attorney Ball fails to substantiate her allegation that there were new material issues requiring new briefing.

Additionally, the 2d Circuit's March 25, 2011 Order states, "We reject these claims on the merits for substantially the same reasons set forth by the district court below."  Therefore, to the extent that the Liquidation Trust's work on the 2d Circuit appeal deviated from its previous work in the lower courts, they did not prevail upon those theories, and they are not entitled to request attorneys' fees for them.

We respectfully submit that the entire fee petition is tainted and that the Liquidation Trust should not be allowed to benefit from the suspect behavior of their Counsel, including improper billing procedures.

Respectfully submitted this 13th day of July, 2011.

//Stephen Pidgeon// WSBA#25265
Stephen Pidgeon

– 25 –

**PIDGEON & DONOFRIO GP**
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425)605-4774