UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                    )
                                                         )
Old Carco LLC                                            )   Appeal from Bankr. Case
(f/k/a Chrysler LLC), *et al.*,                          )   No. 09-50002 (AJG)
                                                         )   (Jointly Administered)
                          Debtors.                       )
------------------------------------------------------------x
Island Jeep, Inc., *et al.*,                             )
                                                         )
                          Appellants,                    )   Case No. 1:10-cv-02493 (AKH)
       v.                                                )   (ECF Case)
                                                         )
Old Carco Liquidation Trust,                             )
                                                         )
                          Appellee.                      )
------------------------------------------------------------x

### REPLY IN SUPPORT OF APPLICATION OF APPELLEE OLD CARCO LIQUIDATION TRUST TO ESTABLISH THE AMOUNT OF DAMAGES AWARDED PURSUANT TO SECOND CIRCUIT ORDER

Appellee Old Carco Liquidation Trust (the "Liquidation Trust") submits this Reply (a) in support of the Application of Appellee Old Carco Liquidation Trust to Establish the Amount of Damages Awarded Pursuant to Second Circuit Order (the "Fee Statement")[1] and (b) in response to the opposing Memorandum of Law (Docket No. 41) (the "Response") filed by Pidgeon & Donofrio, GP ("Pidgeon & Donofrio" or the "Respondent").  In support of this Reply, the Liquidation Trust submits the declarations of Jeffrey B. Ellman and Brett J. Berlin, which are filed herewith and incorporated herein by reference, and respectfully states as follows:

---

[1]   Capitalized terms not otherwise defined herein have the meanings given to them in the Fee Statement. The Fee Statement (with a supporting declaration attached) was first filed on July 1, 2011 as Docket No. 35.  Pursuant to a clerk's directive entered on the docket on July 1, 2011, the Liquidation Trust refiled the Fee Statement and supporting declaration separately on July 14, 2011.  See Docket Nos. 39 and 40.

ATI-2480195v8

## Introduction

1. After prevailing in this Court in September 2010 (Docket Nos. 29 and 30), the Liquidation Trust successfully defended an appeal to the Second Circuit from this Court's ruling. The Second Circuit found that the Appellants' appeal was "utterly frivolous." See Second Circuit Amended Summary Order (docketed in this case as Docket No. 32) at 3, l. 11-12. Subsequently, the Second Circuit awarded the Liquidation Trust its reasonable attorneys' fees and actual litigation expenses under Rule 38 of the Federal Rules of Appellate Procedure (the "Appellate Rules"). See Second Circuit Order (docketed in this case as Docket No. 33).

2. In remanding this action, the Second Circuit limited the issue before this Court as a single, narrow question — determining the reasonable *amount* of the Liquidation Trust's attorneys' fees for the Second Circuit Appeal Work and related litigation expenses, which were awarded in the Second Circuit Order.[2] Yet, in its Response, the Respondent disregards the limited scope of the issue presented and attempts to veer this Court far off course. Much of the Response digresses into an improper attempt to revisit filings made months ago in the Second Circuit — filings that Pidgeon & Donofrio already responded to in that court without making the present arguments. Moreover, the Second Circuit already granted relief in favor of the Liquidation Trust. That decision and the related Second Circuit filings are not subject to review by this Court. Thus, most the Response is wholly irrelevant, in addition to being meritless.

3. As to the actual issue before this Court — determining the reasonable amount of the already-granted damage award — the Response attempts only two arguments,

---

[2] In particular, the first paragraph of the Second Circuit Order states:
> UPON DUE CONSIDERATION, IT IS HEREBY ORDERED that the mandate is RECALLED for the limited purpose of deciding this motion, that Appellee's motion for damages is GRANTED, and that the case is REMANDED to the District Court to calculate the amount of damages. The District Court is instructed to enter judgment against Pidgeon & Donofrio GP for this amount.

both of which fail.  First, the Respondent argues that the Fee Statement was late and suffers procedural defects.  This argument fails because the Respondent attempts to apply rules that do not govern the Fee Statement.  Second, the Respondent argues that a small amount of the requested Attorneys' Fees were not incurred for good reason.  This argument fails because it mischaracterizes the valid and justified reasons for the challenged fees.  Accordingly, the Response is baseless, and this Court should overrule it and grant the Fee Application.

## Reply

*The Fee Statement Is Not Defective Under Local Rule 7.1(a)(1)*

4. The Respondent argues that the Fee Statement is defective under Local Civil Rule 7.1(a)(1), which requires that motions include a notice or order to show cause. Response at 4.  This argument is incorrect because the Fee Statement is not a motion, and Local Civil Rule 7.1(a)(1) does not govern it.  The Liquidation Trust's motion requesting an award of damages (the "Appellate Rule 38 Motion") previously was made and granted in the Second Circuit under Appellate Rule 38, leaving open only the amount of the award.  The Fee Statement is merely the Liquidation Trust's documentation of, and support for, its Attorneys' Fees, to assist this Court in assessing their reasonableness and liquidating the award consistent with the instructions of the Second Circuit.  Thus, Local Civil Rule 7.1(a)(1) is inapplicable.

*The Fee Statement Is Not Defective Under Civil Rule 54*

5. The Respondent further argues at length that the Fee Statement is defective under Rule 54 of the Federal Rules of Civil Procedure (the "Civil Rules").  See, e.g., Response at 4-5.  This argument misses the mark by seeking to apply a rule that simply does not govern the situation at hand.  Civil Rule 54 governs judgments entered by *district courts* and certain related matters, including awards of attorneys' fees in connection with such judgments, which are issued by *district courts*.  This matter does not involve a motion for attorneys' fees in

the district court under Civil Rule 54 because the Liquidation Trust already sought and was awarded its fees in the Second Circuit as part of its damages pursuant to Appellate Rule 38. Under these circumstances, involving an award of damages by the Second Circuit under the Appellate Rules, Civil Rule 54 is simply inapplicable.[3] The Respondent's suggestion that the Liquidation Trust is now subject to Civil Rule 54 in this Court, presumably to request relief already awarded in the court above, is absurd. Civil Rule 54 has no bearing here and, therefore, all of the Respondent's arguments under that rule fail, including the argument that the Fee Statement is untimely.[4]

      6.      Not surprisingly, all of the caselaw that the Respondent relies upon for its flawed arguments under Civil Rule 54 is inapposite. The Weyant, Tancredi, Cardona and Sol Salins cases are cited for unremarkable procedural principles concerning motions under Civil Rule 54 and offer the Respondent no support for its lateness arguments in the case at bar. Response at 5-7. Notably, all of those cases deal only with fee award motions filed in district courts under Civil Rule 54 from the outset, not proceedings like this one, which was remanded to the district court for determination of the *amount* of an award already granted above under Appellate Rule 38. See Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 230 (2d Cir. 2004) (reversing a district court order granting a fee motion filed in the district court); Weyant v. Okst, 198 F.3d 311, 317 (2d Cir. 1999) (same); Cardona v. City of New York, No. 04 Civ. 955(GEL), 2007 WL 690126, at *4 (S.D.N.Y. Mar. 7, 2007) (denying, under Civil Rule 54, a fee motion

---

[3]     The only apparent interplay of Civil Rule 54 to the Appellate Rules is the fact that Appellate Rule 4(a)(4)(A)(iii) provides that a district court's consideration of a motion for attorneys' fees pursuant to Civil Rule 54 may suspend the time for filing of a notice of appeal. There are no similar rules, however, directed to the district court's post-judgment consideration on remand of fees awarded in the first instance at the appellate level. Nothing in the rules suggests that Civil Rule 54 would apply in that situation.

[4]     In addition to arguing that the Fee Statement is late, Pidgeon & Donofrio argues that no "excusable neglect" exists. Response at 21-23. Because Civil Rule 54 is inapplicable, the Fee Statement was not late and the presence or absence of excusable neglect is irrelevant.

filed in the district court); Sol Salins, Inc. v. W.M. Ercanbrack Co., Inc., 155 F.R.D. 4, 5 (D.D.C. 1994) (same).

7. One case merits further comment, if only because the Response incorrectly suggests that it is factually similar the situation before the Court here. Specifically, the Respondent cites the Jericho Group case for the proposition that "a remand order is a final decree triggering the mandatory applicability of FRCP 54(d)." Response at p. 6. Presumably, this statement is intended to suggest that the Second Circuit's remand order somehow invoked Civil Rule 54. Yet, the Jericho Group case stands for no such proposition. Rather, Jericho Group involved a district court's own order remanding a case to state court. The issue was whether the remand order constituted a "judgment" within the meaning of Civil Rule 54, which would implicate the deadline in Civil Rule 54 for a motion requesting a fee award in the district court. See Jericho Group, Ltd. v. Midtown Dev., LP, No. 07 Civ. 1792 (CM)(DCF), 2008 U.S. Dist. LEXIS 52706, at **6-7 (S.D.N.Y. May 22, 2008) (denying, as untimely, a fee motion filed in the district court 81 days after the district court had remanded the action to state court).

*The Appellate Rule 38 Motion Is Not Subject to*
*Attack Here and, Regardless, Was Procedurally Sound*

8. The Respondent devotes almost six pages of the Response to arguing that the Appellate Rule 38 Motion itself, which was filed and granted months ago in the Second Circuit, should be reviewed again now in this Court under Civil Rule 54 and found to be deficient. Response at pp. 7-13. As a threshold matter, these arguments (a) have nothing whatsoever to do with the only question presented to this Court, which is to determine the reasonableness of the Liquidation Trust's awarded Attorneys' Fees; and (b) are moot, late and otherwise not properly put before this Court.

9. Pidgeon & Donofrio had ample opportunity, which it took, to contest the Appellate Rule 38 Motion in the court above. Pidgeon & Donofrio's earlier opposition to the Appellate Rule 38 Motion failed and cannot now be revisited in this Court, nor can it be supplemented with the various new arguments raised for the first time in this Court.

10. In addition, these argument are fatally flawed because Civil Rule 54 is inapplicable to motions filed in the circuit courts of appeal. See Fed. R. Civ. P. 1 (providing that the Civil Rules "govern the procedure in . . . the United States *district courts*") (emphasis added). The cases the Respondent relies upon on to try to apply Civil Rule 54 to the Appellate Rule 38 Motion are distinguishable. Not surprisingly, these cases all involve motions brought in district courts under Civil Rule 54. See Diaz v. Paragon Motors of Woodside, Inc., No. CV-03-6466(CPS)(RML), 2008 WL 2004001, at *2 (E.D.N.Y. May 7, 2008) (evaluating a motion filed in a district court under Civil Rule 54); Cardona, 2007 WL 690126, at *4 (same); 44 Liquor Mart, Inc. v. Rhode Island, 940 F. Supp. 437, 438 (D.R.I. 1996) (same); Fila USA, Inc. v. Chong, No. 94 C 6537, 1996 WL 19579, at **1-2 (N.D. Ill. Jan. 17, 1996) (same).[5] None of these cases apply the requirements of Civil Rule 54 to motions in the Circuit Courts under Appellate Rule 38.[6]

---

[5] Pidgeon & Donofrio mischaracterize the Chong case as being "similar to the one at bar" because it involved a fee request in an undetermined amount that was later denied for lack of timely supporting documentation. See Response at 9-10. Under scrutiny, however, Chong is not similar and has no place in the analysis at hand. The fee request there was made to a district court and hence was governed by Civil Rule 54. See Chong, 1996 WL 19579, at **1-2. That case did not involve an appellate court awarding fees under Appellate Rule 38 and remanding without a schedule for determining the amount of the award.

[6] Undermining its own arguments, Pidgeon & Donofrio itself emphasizes the critical distinction at hand when it admits that "[t]he Liquidation Trust was awarded 'damages' under Federal Rule of *Appellate* Procedure 38, whereas Federal Rule of *Civil* Procedure 54(d)(2)(E) only applies to 'sanctions' imposed for violating the Federal Rules of Civil Procedure." Response at 12 (emphasis in original).

11.     The Court should disregard and overrule the Respondent's improper attempt to raise new challenges to the Appellate Rule 38 Motion and to the Second Circuit Order in this Court under Civil Rule 54.[7]

*No Unethical or Prejudicial Communications*
*Occurred With the Second Circuit or This Court*

12.     The Respondent expresses concern about Jones Day's communications with the Second Circuit and this Court.  Response at pp. 15-17.  Although these allegations are irrelevant to calculating the fee award and can therefore be disregarded, the communications in question were neither unethical nor prejudicial.  <u>First</u>, the communications were strictly with court staff, not judges.  Ellman Decl. at ¶ 5; Berlin Decl at ¶ 5.  <u>Second</u>, the communications concerned only procedural and technical matters, not substantive legal issues or advocacy.  Ellman Decl. at ¶ 5; Berlin Decl at ¶ 5.

13.     The communications with the staff of the Second Circuit concerned the request by the Clerk's Office that the Liquidation Trust refile the Appellate Rule 38 Motion in light of the Second Circuit's subsequent modification of the case caption.  Ellman Decl. at ¶ 7; Berlin Decl at ¶ 6.  These communications, in fact, were initiated by the Second Circuit staff calling Jones Day.  Ellman Decl. at ¶ 6.  The request to refile the Appellate Rule 38 Motion was not, as the Respondent speculates, because of any defect in the Appellate Rule 38 Motion under the local rules of the Second Circuit.  <u>See</u> Response at 15-17.  Rather, the sole stated reason for the refiling request was that the Second Circuit had changed the official caption for the case after

---

[7]     As part of its attempt to challenge filings in the Second Circuit, the Respondent takes issue with the "Form T-1080" cover pages for the initial filing and refiling of the Appellate Rule 38 Motion.  Response at 13-14; <u>id.</u> at 17-18.  The T-1080 form contains a space for the filing party to indicate whether it has notified the opposing party of the filing.  According to the Respondent, the Liquidation Trust's responses to this portion of the form were "false . . . misleading . . . and extremely prejudicial" to it and are imputed to the Appellate Rule 38 Motion itself.  <u>Id.</u>  The Respondent goes so far as to suggest that sanctions against Jones Day are appropriate.  The Liquidation Trust and Jones Day submit that the T-1080 forms were accurate as filed and there is absolutely no basis for sanctions.  The Liquidation Trust and Jones Day reserve all of their rights with respect to the Respondent's accusations on these matters.

the Appellate Rule 38 Motion originally was filed, in connection with the court-approved withdrawal of many of the Appellants.[8]  Ellman Decl. at ¶ 7; Berlin Decl at ¶ 6.

14. Just as the Second Circuit refiled its own merits ruling *sua sponte* to amend the caption, see Second Circuit Docket No. 104, the Clerk's Office asked Jones Day to refile the Appellate Rule 38 Motion for the same reason.  See Ellman Decl. at ¶ 7; Berlin Decl at ¶ 6.  The communications were neither improper nor prejudicial to the Respondent,[9] and certainly were not "criminal behavior," as Pidgeon & Donofrio alleges without support.

15. Moreover, the footnote on the first page of the refiled motion – cited by the Respondent in its Response – clearly states the reason that the motion was refiled.  See Appellate Rule 38 Motion (Second Circuit Docket No. 108) (attached hereto as Exhibit A) at 5 n.1 (stating that "The Liquidation Trust has filed this amended form of motion solely to update the caption of the motion to the current official caption of this case following the withdrawal of certain former Appellants (see [Second Circuit] Docket No. 100).  Other than this footnote, the updated caption and the indication in the title that the motion is 'amended,' the Liquidation Trust has not changed the content of the motion as originally filed in any respect.").

16. The Respondent further alleges that inappropriate communications occurred between Jones Day and this Court.  Response at 18-21.  Speculating that these communications concerned Civil Rule 54's 14-day deadline (which, as discussed above, is

---

[8] The Respondent expresses suspicion because the Second Circuit did not make its request by way of a docket entry.  See Response at 16.  As for why the Clerk's Office proceeded in the manner it did, the Liquidation Trust has no knowledge.

[9] Indeed, if any prejudice occurred, it was to the Liquidation Trust.  Before the refiling, the Appellate Rule 38 Motion already had been pending for 24 days without response by Pidgeon & Donofrio, whose ten-day deadline to respond had lapsed.  See Appellate Rule 27(a)(3)(A) (providing in part that any response to a motion "must be filed within 10 days after service of the motion").  The refiling arguably provided Pidgeon & Donofrio with a second attempt to respond the Appellate Rule 38 Motion.  Pidgeon & Donofrio in fact did respond to the refiled motion, but not until 15 days after service (i.e., outside of the ten-day response period even if calculated from the date of the refilled motion).

inapplicable), the Respondent accuses Jones Day of engaging in an "unethical and deceitful" attempt to have Pidgeon & Donofrio "waive the protection" of Civil Rule 54 by entering into a proposed agreed scheduling order. Response at 18-21.

17. Yet again, the Respondent has tortured simple and benign facts into an alleged — but altogether nonexistent — conspiracy. The reason for and nature of Jones Day's communications with this Court's staff were straightforward. Because no Civil Rule, Local Rule or chambers procedure squarely applies to the treatment of this matter on remand, and because, as the Respondent emphasizes, the Second Circuit did not establish a briefing schedule or procedure for the remanded issue, the Liquidation Trust merely inquired whether this Court intended to establish any particular schedule and format for briefing. As with the communications with the staff of the Second Circuit, the communications with this Court's staff did not involve any judge, were strictly limited in scope and duration and had nothing to do with the merits of the Fee Statement. See Berlin Decl. at ¶¶ 5, 8.

18. In response to the inquiry, chambers' staff suggested that the Liquidation Trust approach the Respondent about an agreed briefing schedule. See Berlin Decl. at ¶ 8. Jones Day, through Jeffrey Ellman, did exactly that. Id. at ¶ 9; Ellman Decl at ¶ 9. As the communications quoted and described in the Response demonstrate, Mr. Ellman was clear and candid with Pidgeon & Donofrio in doing so. No deceit or other unethical conduct occurred by Jones Day. Once again, this point is another red herring, and the Court should disregard Pidgeon & Donofrio's argument on these issues.[10]

---

[10] In connection with this point, the Respondent again suggests that Jones Day "is deserving of severe sanctions." Response at 20. The Respondent has no procedural grounds, nor factual or legal support, for this accusation. As noted above, the Liquidation Trust and Jones Day believe that there is absolutely no basis for sanctions and reserve all of their rights with respect to Pidgeon & Donofrio's accusations.

*The Attorneys' Fees Are Reasonable In Amount*

19. After 22 pages of irrelevant and misguided arguments, Pidgeon & Donofrio finally turns to the only issue at bar; i.e., the reasonableness of the fees detailed in the Fee Statement. See Response at 23-25. Tellingly, the Respondent offers no specific opposition to the reasonableness of almost all of the Requested Fees. Indeed, the Respondent selects only five time entries, totaling $1,525.00, to challenge directly. Id. at 23-24.

20. First, Pidgeon & Donofrio argues against a portion of time by attorney Kevyn Orr on April 5, 2011, billed for $775.00. The work in question is described as an analysis of sanctions under title 28 of the United States Code. The Respondent maintains that this time is noncompensable because the Second Circuit ultimately awarded damages under Appellate Rule 38, not sanctions under title 28 of the United States Code. Id. at 23. Second, Pidgeon & Donofrio argues that $750.00 of time billed by attorneys Jeffrey Ellman and Brett Berlin should be disallowed because the time relates to the allegedly improper *ex parte* communications discussed above. Response at 22-23.

21. The work in question is valid and compensable, however, and Pidgeon & Donofrio's challenges to it are misplaced. Faced with a frivolous appeal, Mr. Orr's choice to spend a brief amount of time (less than one hour) evaluating the potential availability of title 28 sanctions was eminently reasonable. And with respect to the time entries by Messrs. Berlin and Ellman, for all of the reasons set forth above, Pidgeon & Donofrio's arguments about improper *ex parte* communications are groundless, and the time spent was modest and reasonable. Accordingly, Pidgeon & Donofrio's challenge to these time entries is without merit.

22. More generally, Pidgeon & Donofrio disputes the Liquidation Trust's argument that new briefing was required in the Second Circuit. Response at 23. The Respondent claims that its own briefing in the Second Circuit was "virtually identical" to its

briefing in this Court.  Id.  This statement is untrue.  In fact, for example, in arguing to the Second Circuit, the Appellants went to great length to assert deficiencies in this Court's decision denying the first appeal arguments.  See, e.g., Appellants' Second Circuit Opening Brief at 17-21, 23, 25-30 (Second Circuit Docket No. 36) (attached hereto as Exhibit B).  Accordingly, it is reasonable that the Liquidation Trust be compensated for the time it was forced to spend addressing these modified arguments.

WHEREFORE, the Liquidation Trust respectfully requests that the Court enter a decision and order (a) granting the Application; (b) overruling the Response in its entirety; (c) finding the Requested Fees to be reasonable; (d) calculating and establishing the amount of the damages awarded to the Liquidation Trust, pursuant to the Second Circuit Order, in the amount of the Requested Fees and, to the extent unpaid, the Awarded Costs, and entering judgment thereon; and (e) granting such additional relief to the Liquidation Trust as the Court deems just and appropriate.

| | |
|---|---|
| Dated: July 19, 2011<br>New York, New York | Respectfully submitted,<br><br> /s/ Corinne Ball<br>JONES DAY<br>222 East 41st Street<br>New York, New York  10017<br>Telephone:  (212) 326-3939<br>Facsimile:  (212) 755-7306<br>Corinne Ball<br><br>JONES DAY<br>1420 Peachtree Street, N.E.<br>Suite 800<br>Atlanta, Georgia  30309<br>Telephone:  (404) 581-3939<br>Facsimile:  (404) 581-8330<br>Jeffrey B. Ellman<br>Brett J. Berlin<br><br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001-2113<br>Telephone:  (202) 879-3939<br>Facsimile:  (202) 626-1700<br>Kevyn D. Orr<br><br>ATTORNEYS FOR APPELLEE<br>OLD CARCO LIQUIDATION TRUST |