**EXHIBIT A**

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s)**: _____   Caption [use short title] _____

**Motion for:** _____

Set forth below precise, complete statement of relief sought:

_____

_____

_____

_____

**MOVING PARTY:** _____   **OPPOSING PARTY:** _____

☐ Plaintiff     ☐ Defendant
☐ Appellant/Petitioner   ☐ Appellee/Respondent

**MOVING ATTORNEY:** _____   **OPPOSING ATTORNEY**: _____

[name of attorney, with firm, address, phone number and e-mail]

_____

_____

_____

Court-Judge/Agency appealed from: _____

| **Please check appropriate boxes:** | **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:** |

Has movant notified opposing counsel (required by Local Rule 27.1):   Has request for relief been made below?   ☐ Yes   ☐ No
☐ Yes ☐ No (explain): _____   Has this relief been previously sought in this Court?   ☐ Yes   ☐ No
Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☐ Don't Know

Is oral argument on motion requested?   ☐ Yes   ☐ No   (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes   ☐ No   If yes, enter date: _____

**Signature of Moving Attorney:**
_____ **Date:** _____   Has service been effected?   ☐ Yes   ☐ No [Attach proof of service]

---

## ORDER

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED  DENIED**.

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____   By: _____

**Form T-1080**

# 10-3933-bk

# United States Court of Appeals

**FOR THE SECOND CIRCUIT**

IN RE OLD CARCO LLC (F/K/A CHRYSLER LLC), *ET AL.*,

*Debtors.*

OLD CARCO LIQUIDATION TRUST, AS SUCCESSOR IN INTEREST TO THE ABOVE-CAPTIONED DEBTORS,

*Appellee*,

v.

MAURO MOTORS INCORPORATED; BOLLINGER'S INCORPORATED;
(*For Continuation of Caption See Next Page*)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## AMENDED MOTION OF APPELLEE FOR DAMAGES AND COSTS PURSUANT TO RULE 38 OF THE FEDERAL RULES OF APPELLATE PROCEDURE

JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Corinne Ball

JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001-2113
Telephone: (202) 879-3939
Kevyn D. Orr

JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309
Telephone: (404) 581-3939
Jeffrey B. Ellman
Brett J. Berlin

*Attorneys for Appellee Old Carco Liquidation Trust*

---

RALLYE AUTO PLAZA INCORPORATED; NEIL HUFFMAN INCORPORATED; BILL SPURLOCK DODGE, INCORPORATED; ROCK OF TEXAS AUTOMOTIVE INCORPORATED; SOUTH HOLLAND DODGE; THOMAS DODGE CORPORATION; TAYLOR-PARKER MOTOR COMPANY; EVANSVILLE CHRYSLER INCORPORATED; AUGUSTA DODGE, INCORPORATED; M&M DODGE, INCORPORATED; SCHOLTES AUTO WORLD; FIORE CHRYSLER JEEP/JIM FIORE MOTORS; FAWS GARAGE; LAKES CHYSLER JEEP LIMITED; VAN BURKLEO MOTORS INCOROPORATED; FISHER MOTORS INCORPORATED; COURTESY NISSAN INCORPORATED; KEY BUICK-POINT-AMC INCORPORATED; SOUTHEAST AUTOMOTIVE; EXTREME JEEP INCORPORATED; AMBASSADOR AUTO SERVICE, INCORPORATED; MUELLER CHRYSLER, INCORPORATED; WILSON DODGE NISSAN; FORT MORGAN AUTO CENTER INCORPORATED; SUPERIOR MOTORS INCORPORATED; ARCHER CHRYSLER JEEP; D PATRICK INCORPORATED; BREHM GROUP INCORPORATED; BIRMINGHAM CHRYSLER PLYMOUTH INCORPORATED; CLARKSTON MOTORS INCORPORATED; BERLIN CHRYSLER INCORPORATED; EL DORADO MOTORS; RUSSO GROUP ENTERPRISES INCORPORATED; FOX HILLS CHRYSLER JEEP INCORPORATED; ORLEANS DODGE CHRYSLERJEEP INCORPORATED; MONICATTI CHRYSLER JEEP SALES; SHOEMAKER'S JEEP INCORPORATED; SNOW, LLC/CHAMPION CHRYSLER; RAY'S FORD-MERCURY INCORPORATED/RAY'S CDJ; BARBER BROS MOTOR COMPANY INCORPORATED; VAN LIESHOUT & SIMON DODGE; DRAKE CHRYSLER; TERRY CHRYSLER JEEP INCORPORATED; SOWELL AUTOMOTIVE INCORPORATED; SHOUT SHORE CHRYSLER; CIMINO BROTHERS FORD INCORPORATED; WILSON DODGE INCORPORATED; KALMAR MOTOR SALES; CONTINENTAL CHRYSLER JEEP INCORPORATED; MT CLEMENS DODGE INCORPORATED; GOLICK CHRYSLER JEEP INCORPORATED; BRUCE CAMPBELL DODGE INCORPORATED; CLAYTON AMEMAN INCORPORATED; ISLAND JEEP INCORPORATED; AUFFENBERG CHRYSLER INCORPORATED; DUVALL CHRYSLER JEEP INCORPORATED

*Appellants.*

---

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

60 E. 80th St. Equities, Inc. v. Sapir
   (In re 60 E. 80th St. Equities, Inc.),
   218 F.3d 109 (2d Cir. 2000) ............................................................................... 3

Bridgewater Operating Corp. v. Feldstein,
   346 F.3d 27 (2d Cir. 2003) ................................................................................. 2

Chemiakin v. Yefimov,
   932 F.2d 124 (2d Cir. 1991) ............................................................................... 2

Horoshko v. Citibank, N.A.,
   373 F.3d 248 (2d Cir. 2004) ............................................................................... 2

Schiff v. Simon & Schuster, Inc.,
   766 F.2d 61 (2d Cir. 1982) ................................................................................. 1

Scotia Motors Inc., *et al*. v. Old Carco Liquidation Trust,
   No. 10-3933-bk, 2011 WL 1086601
   (2d Cir. Mar. 25, 2011) ................................................................................. 1, 3

**STATUTES**

28 U.S.C. § 1912 ........................................................................................................ 1

28 U.S.C. § 1927 ........................................................................................................ 3

**RULES**

Fed. R. App. P. 38 ..................................................................................................... 1

Appellee Old Carco Liquidation Trust (the "Liquidation Trust") moves for just damages and costs pursuant to Rule 38 of the Federal Rules of Appellate Procedure ("Rule 38"), because the Appellants' pursuit of this appeal was frivolous.[1]

Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion . . . award just damages and single or double costs to the appellee." Fed. R. App. P. 38.[2] Here, Rule 38 is met to the letter. In this Court's Summary Order affirming the decision below, the panel expressed the view that the Appellants' arguments were "utterly frivolous." Scotia Motors Inc., *et al*. v. Old Carco Liquidation Trust, No. 10-3933-bk, 2011 WL 1086601, at *1 (2d Cir. Mar. 25, 2011).

In addition, Rule 38 is met in spirit. Rule 38's purpose is to serve as "a warning to vexatious litigants and others contemplating frivolous appeals that the processes of a court may not be abused with impunity in the future."

---

[1] The Liquidation Trust has filed this amended form of motion solely to update the caption of the motion to the current official caption of this case following the withdrawal of certain former Appellants (see Docket No. 100). Other than this footnote, the updated caption and the indication in the title that the motion is "amended," the Liquidation Trust has not changed the content of the motion as originally filed in any respect.

[2] Rule 38 parallels 28 U.S.C. § 1912, which provides authority for federal appellate courts to award damages and single or double costs under the same standards.

-1-

Schiff v. Simon & Schuster, Inc., 766 F.2d 61, 62 (2d Cir. 1985) (explaining the purpose of Rule 38 sanctions and awarding damages and double costs). An appeal is frivolous when it has been asserted without foundation in law and despite patent weakness on the merits. See Chemiakin v. Yefimov, 932 F.2d 124, 130 (2d Cir. 1991) (awarding fees, double costs and an additional monetary sanction where the appellants' claims lacked a jurisdictional basis and suffered from objectively weak arguments on the merits).

Thus, relief under Rule 38 is proper when a litigant has abused the appellate process through "dogged pursuit of frivolous claims." See Horoshko v. Citibank, N.A., 373 F.3d 248, 250 (2d Cir. 2004) (awarding Rule 38 relief, including double costs). Moreover, where a litigant has demonstrated an "extensive history of persistent, repetitive and vexatious litigation," a sanction of double costs is warranted. See Bridgewater Operating Corp. v. Feldstein, 346 F.3d 27, 31 (2d Cir. 2003) (awarding double costs "in light of the frivolous nature" of an appeal from a valid and well-grounded judgment below).

The foregoing standards are descriptive of this case. As argued in the Liquidation Trust's merits brief, the Appellants' repeated collateral attacks on the Bankruptcy Court's order at issue here — starting with their untimely

reconsideration motion, followed by their appeal to the District Court, and then their appeal to this Court — all lacked foundation in fact and law. (See Appellee Br. at 29-41.) The Appellants presented no evidence or arguments that they could not have presented in a timely appeal from the Bankruptcy Court's original decision. Scotia Motors Inc., 2011 WL 1086601, at *1. Moreover, the Appellants persisted in placing primary reliance on a spurious and baseless argument accusing Chief Judge Gonzalez of committing fraud in his published opinion, despite the overwhelming evidence to the contrary and the extensive record supporting the Chief Judge Gonzalez's reasoning. (Appellee Br. at 29-37.) This argument and the other arguments the Appellants raised were sufficiently meritless that this Court rejected them summarily, "for substantially the same reasons set forth by the district court below." Scotia Motors Inc., 2011 WL 1086601, at *1.

## CONCLUSION

For the foregoing reasons, the Liquidation Trust respectfully requests that the Court award it relief pursuant to Rule 38,[3] in an amount not less than

---

[3] In addition, the Court has authority, in its discretion, to impose sanctions under 28 U.S.C. § 1927 if the Court determines that this appeal was so completely without merit as to constitute bad faith. See 28 U.S.C. § 1927 (providing that an "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

the Liquidation Trust's actual attorneys' fees and double its actual costs for this appeal, which the Liquidation Trust will demonstrate with affidavits and other supporting documentation if the relief requested herein is granted.

|  |  |
|---|---|
| Dated: May 2, 2011<br>New York, New York | Respectfully submitted,<br><br>/s/ Corinne Ball<br>JONES DAY<br>222 East 41st Street<br>New York, New York  10017<br>Telephone:  (212) 326-3939<br>Facsimile:  (212) 755-7306<br>Corinne Ball |
| JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001-2113<br>Telephone:  (202) 879-3939<br>Facsimile:  (202) 626-1700<br>Kevyn D. Orr | JONES DAY<br>1420 Peachtree Street, N.E.<br>Suite 800<br>Atlanta, Georgia  30309<br>Telephone:  (404) 581-3939<br>Facsimile:  (404) 581-8330<br>Jeffrey B. Ellman<br>Brett J. Berlin<br><br>ATTORNEYS FOR APPELLEE<br>OLD CARCO LIQUIDATION TRUST |

---

expenses, and attorneys' fees reasonably incurred because of such conduct"); see also, e.g., 60 E. 80th St. Equities, Inc. v. Sapir (In re 60 E. 80th St. Equities, Inc.), 218 F.3d 109, 115-120 (2d Cir. 2000) (affirming an award of sanctions under 28 U.S.C. § 1927, and granting additional sanctions under Rule 38, where the appellant had pursued a meritless appeal in the District Court and then to the Court of Appeals, including "outrageous and groundless personal attacks upon the Bankruptcy Judge, Trustee, and now also the District Court" alleging fraud and collusion by them; and finding that "bad faith . . . may be inferred from the clear lack of merit of the claims . . . and the numerous attempts to impugn the integrity of a federal judge and fellow attorney through totally unsubstantiated abusive and slanderous statements").

## CERTIFICATE OF SERVICE

I hereby certify that, on May 2, 2011, I caused the foregoing Amended Motion for Appellee for Damages and Costs Pursuant to Rule 38 of the Federal Rule of Appellate Procedure to be served via electronic filing on the following:

Stephen W. Pidgeon
Pidgeon & Donofrio GP
3002 Colby Avenue
Suite 306
Everett, WA 98201
attorney@stephenpidgeon.com

/s/ Adria R. Villar
Adria R. Villar