Stephen Pidgeon
Leo Donofrio
Pidgeon & Donofrio GP
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425)605-4774

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x

| | |
|---|---|
| Old Carco Liquidation Trust, | ON REMAND FROM THE SECOND CIRCUIT COURT OF APPEALS |
| Movant, | No. 10-3933 |
| v. | Re: Appeal from BANKR. |
| Mauro Motors, Inc., et al, | Case No. 09-50002 (AJG) |
| Respondent. | (Jointly Administered) |

------------------------------------------------------x

| | |
|---|---|
| Island Jeep, Inc., *et al.*, | Case No. 1:10-cv-02493 (AKH) |
| Appellants, | (ECF Case) |
| v. | |
| Old Carco LLC, | MOTION FOR LEAVE TO FILE |
| (f/k/a Chrysler LLC), *et al.*, | SUR-REPLY |
| Appellees, | |

------------------------------------------------------x

### RESPONDENTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER SUPPORT OF RESPONDENTS' OPPOSITION TO MOVANT'S MOTION FOR COMPENSATION.

The Liquidation Trust's July 19, 2011 reply memorandum in support of its Motion for Compensation raises new legal issues and is accompanied by two substantive reply declarations. Pidgeon & Donofrio GP accordingly seek the Court's permission to file a brief sur-reply memorandum in advance of the Court's ruling.

### MEMORANDUM OF LAW

When a reply memorandum introduces new legal arguments or factual information, "the rationale of fair play" guides the Court to disregard it or, if the Court is going to consider it, to

– 1 –

allow the other side to have "an opportunity to be heard" on the new legal arguments and factual information. *Newton v. City of N.Y.*, 738 F. Supp. 2d 397, 417 n.11 (S.D.N.Y. 2010). Accordingly, we respectfully submit that the Court should allow a sur-reply from Pidgeon & Donofrio.

**A. The Liquidation Trust's new declarations warrant a sur-reply.**

In support of its July 19, 2011 reply, the Liquidation Trust submitted two new declarations by attorneys, B.J. Berlin, and Jeffrey Ellman. Those declarations contain new factual allegations which document ex parte contact between Counsel for the Liquidation Trust and an anonymous law clerk from the "chambers" of your Honor, Judge Alvin K. Hellerstein. The new declarations admit ex parte contact, and also indicate that the June 23, 2011 email from Ellman to Pidgeon (see Respondents' July 15, 2011 Memorandum, Exhibits 7 and 8, and the July 15, 2011 Affidavit of Stephen Pidgeon) contained a willfully false statement that "the Court" had requested a stipulation for a scheduling order. The new declarations indicate that no such request was ever made by "the Court" or by a law clerk from your Honor's Chambers.

If this Court is to consider the Liquidation Trust's new evidentiary submissions, then it is appropriate for Pidgeon &Donofrio to respond. *See, e.g.*, *Bonnie & Co. Fashions v. Bankers Trust Co.*, 945 F. Supp. 693, 708 (S.D.N.Y. 1996) (if new evidence is presented in reply brief or affidavit, district court should permit nonmoving party to respond). (See also, *Alexander v. F.B.I.*, 186 F.R.D. 71, 74 (D.D.C. 1998) (allowing sur-reply because "[i]f the court were to deny plaintiffs leave to file the sur-reply, plaintiffs would be unable to contest matters presented to the court for the first time in the form of ... [a] declaration"); *Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 101 (D.D.C. 2005) (same).

– 2 –

While the Liquidation Trust may argue that being the movant entitles it to the final word, this does not hold for evidentiary matters. Without a sur-reply, Pidgeon & Donofrio would be prejudiced. *Cf. Becker v. Ulster County, NY*, 167 F. Supp. 2d 549, 555 n.1 (N.D.N.Y. 2001) (noting that party "filed a sur-reply addressing this new contention and, thus, is not prejudiced"); *Dunn v. Zimmer Inc.*, 2005 WL 563095, at *2 (D. Conn. Mar. 9, 2005) ("The post-motion disclosure of a witness . . . must be considered highly prejudicial.").

**B. The Liquidation Trust has introduced new legal arguments warranting a sur-reply.**

Having filed the current action before this Court as a "Motion for Compensation" twice (on July 1, 2011, re-filed on July 14, 2011), the Liquidation Trust has, by the very wording of their papers (see July 1, 2011 Motion for Compensation at page 7, final paragraph), specifically requested a court order. Since their July 19, 2011 reply memorandum suddenly claims that the current action is not a motion at all, despite their having filed it as a motion (to which Federal Rule of Civil Procedure 7(b)(1) clearly applies: "*A request for a court order must be made by motion*"), a new argument has been offered which directly contradicts their previous filings.

The Liquidation Trust's July 19, 2011 reply Memorandum also raises a separate new legal argument, that neither the Federal Rules of Civil Procedure, nor the Southern District of New York local rules now apply to govern procedure before this Court.

New legal arguments may not be raised for the first time in a reply. *See, e.g.*, *Rowley v. City of New York*, 2005 WL 2429514, at *5 (S.D.N.Y. Sept. 30, 2005) (noting that the Second Circuit "has made clear it disfavors new issues being raised in reply papers"); *Keefe v. Shalala*, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995) (court "will not consider arguments raised for the first time in a reply brief").

– 3 –

**PIDGEON & DONOFRIO GP**
3002 Colby Avenue, Suite 306
Everett, Washington 98201
(425)605-4774

However, if the Court does consider this new argument, Pidgeon & Donofrio should be allowed to respond in detail. *See, e.g.*, *Lee v. Coughlin*, 26 F. Supp. 2d 615, 617 n.2 (S.D.N.Y. 1998) (allowing sur-reply to a new issue raised in reply); *Von Hundertmark v. Boston Prof'l Hockey Ass'n, Inc.*, 1996 WL 118538, at *3 (E.D.N.Y. Mar. 7, 1996) ("[T]o the extent that USAir did introduce new facts and arguments not raised previously, the relevant portions of the sur-reply brief are incorporated.").

## CONCLUSION

For all of the foregoing reasons, we respectfully request that this Court allow Respondents to file a brief sur-reply.

Respectfully submitted this 21st day of July, 2011.

>                //Stephen Pidgeon// WSBA#25265
>                         Stephen Pidgeon
>                         Pidgeon & Donofrio, GP

– 4 –